■ PEEKSKILL COMMUNITY HOSPITAL, Appellant, v GRAPHIC MEDIA INCORPORATED, Defendant, and EXTENDED BENEFITS, INC., Respondent. [604 NYS2d 120] —In an action, *inter alia,* to recover upon a check, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered July 1, 1991, which granted the motion of the defendant Extended Benefits, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court erred in concluding that it lacked personal jurisdiction over the defendant Extended Benefits, Inc. (hereinafter Extended) *(see,* CPLR 302 [a] [1]). Extended, a New Jersey corporation, entered into a contract with Graphic Media Incorporated (hereinafter Graphic) in New Jersey to administer the health insurance plan of Graphic, a self-insured employer with offices in New York and New Jersey. Extended provided services for both New York and New Jersey employees. A Graphic employee, apparently based in New York, incurred medical expenses in the plaintiff hospital located in Peekskill, New York. The hospital submitted a claim to Extended after it received a form on Extended's letterhead that instructed it to send the claim to its mailing address in New Jersey. Upon receipt, Extended issued a check in the amount claimed. Shortly thereafter Extended stopped payment on the check because of an alleged mistake (Graphic had not funded the check).

The Supreme Court found that Extended neither transacted business in New York nor contracted to supply goods or services in New York. We disagree. Based on the totality of the circumstances, Extended had purposefully availed itself of the privileges of conducting activities within New York, thereby invoking the benefits and protections of its laws *(see, McKee Elec. Co. v Rauland-Borg Corp.,* 20 NY2d 377). Extended had established the minimum contacts with New York necessary to satisfy due process *(see, Burger King Corp. v Rudzewicz,* 471 US 462). It contracted with Graphic to administer Graphic's health insurance plan. Extended maintained total control over the administration of the plan, which task required significant and continuous contact with New York health providers. Thus, Extended had "transacted" business and contracted to supply goods and services in New York under CPLR 302 (a) (1) *(see, McKee Elec. Co. v Rauland-Borg Corp., supra; Fashion Tanning Co. v Shutzer Indus.,* 108 AD2d 485). The quality and nature of its activity was related to the firm and orderly administration of the laws of New York *(see, International Shoe Co. v Washington,* 326 US 310).

However, the Supreme Court was correct in alternatively granting summary judgment to Extended dismissing the complaint on the merits. The hospital's novel argument that Extended is an agent for an undisclosed principal and therefore should be held liable on the check is without merit. Concededly, there existed no contractual relationship between the hospital and Extended either directly or indirectly. Extended had a right to stop payment on the check and assert any defense with regard to the check. The hospital cannot recover on the check per se because an underlying obligation running to it from Extended has not been established. Therefore, the court was correct in granting summary judgment on the merits. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.