**TOLEDO PEORIA & WESTERN RAILWAY CORPORATION, Plaintiff,**

v.

**SOUTHERN ILLINOIS RAILCAR COMPANY, Defendant.**

No. 99–CV–485 LEK/GLS.

United States District Court, N.D. New York.

Feb. 3, 2000.

Thomas E. Myers, Bond, Schoeneck Law Firm, Syracuse, NY, for plaintiff.

Edward Gozigian, Gozigian, Washburn Law Firm, Cooperstown, NY, Eric D. Martin, pro hac vice, Blackwell, Sanders Law Firm, St. Louis, MO, Robert L. Jackstadt, pro hac vice, Blcakwell, Sanders Law Firm, Edwardsville, IL, for defendant.

## MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

The parties in this action entered into a contract containing an option for the purchase of covered hopper railroad cars. Plaintiff then attempted to exercise the option, but Defendant declined. Defendant now moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction, arguing that communications occurred via telephone or facsimile, and that those contacts were insufficient to subject it to this Court's jurisdiction. For the reasons set forth below, that motion is denied.

## I. BACKGROUND

In 1994, Defendant entered into a written lease agreement with Plaintiff, which subsequently relocated its headquarters to Cooperstown, New York. Following that move, Defendant twice renewed the contract, but at no time did its officers or agents ever enter New York for purposes of executing or renewing the contract. Such communications were solely performed by telephone or facsimile transmission.

The contract contained an option whereby Plaintiff could purchase 26 "covered hopper railroad cars" at the end of the contract. By letter dated November 27, 1998, Plaintiff notified Defendant that it was exercising the option, but Defendant declined to consummate the sale. Plaintiff commenced this action seeking to enforce its right to purchase the railroad cars on February 24, 1999, in New York State Supreme Court, and Defendant removed to this Court.

## II. ANALYSIS

### A. Personal Jurisdiction

Defendant moves to dismiss the complaint for lack of personal jurisdiction pur-

suant to Fed.R.Civ.P. 12(b)(2), maintaining that the locus of the contract was outside New York and that attempts to hale it into court in this state on the basis of telephone and facsimile contacts runs afoul of constitutional Due Process. Plaintiff maintains that the substance of these communications was sufficient to subject Defendant to this Court's jurisdiction and constituted transaction of business in New York, thereby falling within the scope of N.Y.C.P.L.R. § 302(a)(1) of the state's long arm statute.

Personal jurisdiction over a defendant in a diversity action is determined by the law of the forum state. *See CutCo Industries, Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); *Arrowsmith v. United Press International,* 320 F.2d 219, 223 (2d Cir. 1963) (en banc). Consequently, the Court looks to New York's personal jurisdiction statutes, N.Y.C.P.L.R. §§ 301 and 302, to determine whether the plaintiff has set forth a prima facie showing of in personam jurisdiction over the defendant. C.P.L.R. § 302(a)(1) authorizes the exercise of personal jurisdiction over a nondomiciliary "who in person or through an agent ... transacts any business within the state or contracts anywhere to supply goods or services in the state." "A nondomiciliary 'transacts business' under C.P.L.R. 302(a)(1) when he 'purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws.'" *CutCo Industries, Inc. v. Naughton, supra,* 806 F.2d at 365 (internal citations and quotations omitted).

■ In addition, a plaintiff establishing jurisdiction under a "transacting business" theory must also show that the causes of action "arise out of" defendant's transactions within the state. *Kronisch v. U.S.,* 150 F.3d 112, 130 (2d Cir.1998). "No single event or contact connecting the defendant to the forum state need be demonstrated; rather, the totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdic-

tion would be proper." *Id.; see also Bank Brussels Lambert v. Fiddler, Gonzalez & Rodriguez,* 171 F.3d 779, 787 (2d Cir.1999). The Due Process clause of the Fourteenth Amendment permits a state to exercise personal jurisdiction over a non-resident defendant with whom it has "certain minimum contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In determining whether minimum contacts exist, the court considers "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). To establish the minimum contacts necessary to justify " 'specific' jurisdiction, the [plaintiff] first must show that [his] claim arises out of or relates to [defendant's] contacts with [the forum state]." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). A plaintiff must also show that defendant "purposefully availed" itself of the privilege of doing business in the forum state and that the defendant could foresee being "haled into court" there. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). If a plaintiff satisfies these requirements, the court also considers whether the assertion of jurisdiction "comports with 'traditional notions of fair play and substantial justice'—that is, whether it is reasonable under the circumstances of a particular case." *International Shoe,* 326 U.S. at 316, 66 S.Ct. 154.

■ It is well settled that in order for a federal court to obtain personal jurisdiction over a party under the "transaction of business" prong of § 302(a)(1), the party need not be physically present in the state at the time of service. *See Parke-*

*Bernet Galleries v. Franklyn,* 26 N.Y.2d 13, 16, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970). Rather, § 302(a)(1) extends the jurisdiction of New York state courts to any nonresident who has "purposely availed [himself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws...." *Id.* at 18, 308 N.Y.S.2d 337, 256 N.E.2d 506. "[A] 'single transaction would be sufficient to fulfill this requirement,'" *id.* at 284, so long as the relevant cause of action also arises from that transaction. *See George Reiner & Co. v. Schwartz,* 41 N.Y.2d 648, 651, 394 N.Y.S.2d 844, 363 N.E.2d 551 (1977). To determine whether a party has "transacted business" in New York, courts must look at the totality of circumstances concerning the party's interactions with, and activities within, the state. *See, e.g., Peekskill Community Hosp. v. Graphic Media, Inc.,* 198 A.D.2d 337, 338, 604 N.Y.S.2d 120 (2d Dep't 1993).

█ It is undisputed that Defendant never entered New York. Nevertheless, while it is clear that communications from one locale to New York alone will not suffice to extend § 302(a)(1)'s reach, it is also clear that the physical presence, in this cellular and digital age, is not necessary. The substance of those communications dominates, not their quantity or form. The Second Circuit ruling *Mayes v. Leipziger,* 674 F.2d 178 (2d Cir.1982), is instructive. In *Mayes,* the court noted that whatever the reach of 302(a)(1) may be, "no court has extended § 302(a)(1) to reach a nondomiciliary who never entered New York, who was solicited outside of New York, who performed outside of New York such services as were performed, and who is alleged to have neglected to perform other services outside of New York." *Id.* at 185. Interstate communications generally do not carry great significance in the context of § 302. As Judge Mukasey of the Southern District of New York has observed, "[o]nly in cases where the telephone call or communication clearly shows that the defendant intends to project itself into ongoing New York commerce, such as where a defendant directly conducts market activity or securities transactions in New York over the telephone, do New York courts sustain jurisdiction based on telephone calls or facsimile transmissions alone." *Kulas v. Adachi,* 1997 WL 256957, *7 (S.D.N.Y.1997).

Under Plaintiff's theory, any breach of a contract with a New Yorker would trigger § 302 since any communication of that breach in New York would suffice to "transact business." That is outlandish. Virtually any means of communicating a contract's cancellation or revocation, excepting personal hand delivered notification, would permit federal courts in this state to become roving national tribunals. Jurisdiction conveys a sense of limits and boundaries, of the appropriate balance between states and the federal government dictated by federalism. Similarly, the mailing of the invoices to New York was incidental to the contract.

However, the fact that the contract containing the option at issue was renewed via telephone and facsimile in New York weighs decisively in favor of this Court exercising jurisdiction over Defendant. By renewing the agreement with Plaintiff in these communications, Defendant has transacted business in New York for purposes of the long-arm statute: "[a]ny contract negotiations evidencing a purposeful invocation of the laws of the forum state are transactions of business for purposes of New York's long-arm statute." *Catsimatidis v. Innovative Travel Group, Inc.,* 650 F.Supp. 748, 751 (S.D.N.Y.1986) (citing *Liquid Carriers Corp. v. American Marine Corp.,* 375 F.2d 951, 955–56 (2d Cir. 1967)). Defendant projected itself into New York and availed itself of the protections afforded by state law when it renewed the leasing agreement. Plaintiff has therefore met its prima facie burden of establishing this Court's personal jurisdiction.

## B. Venue

Defendant argues that under 28 U.S.C. § 1391(a) venue in the Northern District is

improper. Section 1391(a)(2), however, permits venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...." As discussed above, the renewal of the contract containing the option clause took place in New York and for purposes of § 1391 venue properly lies in this District.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that Defendant's motion to dismiss for lack of personal jurisdiction and improper venue is DENIED; and it is

FURTHER ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.