**FORT KNOX MUSIC INC. and Trio Music Company Inc., Plaintiffs–Appellees–Cross–Appellants,**

v.

**Philip BAPTISTE, Defendant–Appellant–Cross–Appellee.**

**Docket Nos. 99–7590, 99–7679.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 19, 1999.

Decided Feb. 7, 2000.

194

Abelman, Frayne & Schwab, New York, New York (Robert C. Osterberg, New York, New York, of counsel), for Plaintiff–Appellee–Cross–Appellant Fort Knox Music Inc.

Silverman Shulman & Baker, New York, New York (Alan L. Shulman, Jonathan J. Ross, New York, New York, of counsel), for Plaintiff–Appellee–Cross–Appellant Trio Music Co.

Philip Baptiste, Jennings, Louisiana, Defendant–Appellant–Cross–Appellee pro se.

Before: KEARSE, PARKER, and POOLER, Circuit Judges.

KEARSE, Circuit Judge:

Defendant *pro se* Philip Baptiste appeals from so much of a final judgment of the United States District Court for the Southern District of New York, John E. Sprizzo, *Judge,* as (a) declared that his right to claim sole authorship of the song "Sea of Love," written in 1957, is time-barred, and (b) enjoined him from challenging the rights of plaintiff music publishers Fort Knox Music Inc. ("Fort Knox") and Trio Music Company Inc. ("Trio Music") to the song. Plaintiffs cross-appeal from so much of the judgment as denied them attorney's fees under the Copyright Act, 17 U.S.C. § 505, in connection with the present action. On appeal, Baptiste, in addition to challenging the judgment against him on its merits, contends that the district court lacked personal jurisdiction over him. For the reasons that follow, we remand to the district court for supplementation of the record with respect to the basis for its ruling on the jurisdiction issue; we address no other issues at this time.

## BACKGROUND

The present action was commenced by plaintiffs in 1997, seeking declaratory and injunctive relief against any challenge by Baptiste to plaintiffs' rights and copyrights in "Sea of Love." To the extent pertinent to this opinion, the complaint alleged that Baptiste, "a resident of the State of Louisiana," had "individually and under the trade name of Abtone Publishing Company, ... licensed in the city, county and state of New York the use of his interests in musical compositions through agreements with Broadcast Music, Inc." (Complaint ¶¶ 4, 5.) Plaintiffs alleged that in April 1997, Baptiste had begun "a concerted letter-writing campaign directed to Fort Knox at its offices within this jurisdiction and to Trio Music challenging plaintiffs' rights in and to the Composition." (*Id.* ¶ 16.) Some 10 such letters were annexed to the complaint as exhibits.

Baptiste moved to dismiss the complaint on the ground, *inter alia,* of lack of personal jurisdiction. In sworn written submissions, Baptiste stated that he was a lifelong resident of Louisiana (Baptiste Affidavit dated September 22, 1997); that in 1959, he had signed a music publishing contract with plaintiffs' predecessor, Kamar Publishing Company ("Kamar"), which was "also located in Louisiana" (Baptiste Memorandum in Support of Motion To Quash Service of Summons, at 2); that thereafter Kamar wrongly credited George Khoury, also a Louisiana resident, with being a coauthor of the Song; and that Baptiste had written numerous letters requesting that Khoury not be listed as a coauthor and had sued Kamar in Louisiana in 1961 to regain the copyright rights he had assigned (a suit that Baptiste said was still pending). Arguing that all of the relevant events had occurred in Louisiana and that all of the persons involved in the controversy, "except the plaintiffs, are located in Louisiana" (*id.* at 4), Baptiste contended that the court lacked personal jurisdiction over him.

In opposition to the motion to quash, plaintiffs noted that both they and Baptiste were affiliated with the same performing rights licensing organization. They argued that the court had jurisdiction over Baptiste "by reason of (1) his transaction of business through correspondence directed at plaintiffs and their performing rights licensing organization in New York purporting to recapture the copyright to the Song, and (2) by defendant's licensing of his interests in the Song for public performance in this district." (Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion To Quash Service of Summons, at 13.)

On January 16, 1998, the district court held a hearing on Baptiste's motion to dismiss, allowing Baptiste to argue by telephone from Louisiana. By order dated January 21, 1998, the court denied the motion, stating "that for the reasons set forth on the Record at Oral Argument,

defendant *pro se*'s motion to quash service of the summons and to dismiss the complaint is denied." According to the transcript of the January 16 hearing, however, the court at that time reserved decision on Baptiste's motion and neither stated that it had personal jurisdiction over Baptiste nor stated on what basis it might find that such jurisdiction existed.

Following entry of the order denying his motion to dismiss, Baptiste answered the complaint. The district court subsequently granted a motion by plaintiffs for judgment on the pleadings, entering a judgment stating, in pertinent part, that

> defendant is time barred from asserting any right arising out of his claim of sole authorship of the song "Sea of Love", defendant is enjoined from commencing any action challenging the right of the plaintiffs to the song[;] ... plaintiffs' application for attorneys fees is denied....

## DISCUSSION

■ Baptiste's appeal raises issues as to personal jurisdiction that must be resolved before we reach either the merits of the case or plaintiffs' cross-appeal from the denial of attorney's fees. The Copyright Act, 17 U.S.C. § 101 *et seq.*, does not provide for nationwide service of process. *See, e.g., Janmark, Inc. v. Reidy,* 132 F.3d 1200, 1201 (7th Cir.1997). In such a circumstance, "a federal court applies the forum state's personal jurisdiction rules...." *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir.1997); *see also Omni Capital International, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 103–05, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *Mareno v. Rowe,* 910 F.2d 1043, 1046 (2d Cir. 1990), *cert. denied,* 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991).

■ Under New York's long-arm statute, a court may exercise personal jurisdiction over any non-domiciliary who "in person or through an agent ... transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y.C.P.L.R. § 302(a) (McKinney 1999). A party need not be physically present in the state at the time of service of process in order to be subject to personal jurisdiction under that provision. *See Parke–Bernet Galleries v. Franklyn,* 26 N.Y.2d 13, 17, 308 N.Y.S.2d 337, 340, 256 N.E.2d 506 (1970). Nonetheless, the statute allows jurisdiction only over a defendant who has "purposefully availed himself of the privilege of conducting activities within New York and thereby invok[ed] the benefits and protections of its laws." *Id.* at 18, 308 N.Y.S.2d at 341, 256 N.E.2d 506 (internal quotation marks omitted). In order to determine whether a party has "transact[ed] business" in New York, a court must look to the totality of circumstances concerning the party's connections to the state. *See, e.g., Peekskill Community Hospital v. Graphic Media Inc.,* 198 A.D.2d 337, 338, 604 N.Y.S.2d 120, 121 (2d Dep't 1993).

■ Even if the exercise of jurisdiction under a state's long-arm statute is permissible as a matter of state law, "the court then must decide whether such exercise comports with the requisites of due process." *Bensusan Restaurant Corp. v. King,* 126 F.3d 25, 27 (2d Cir.1997); *see also* 2 P. Goldstein, *Copyright* § 13.1 (1989) (application of state rules is "subject, of course, to the constitutional requirements of due process"). The Due Process Clause does not permit the court to exercise personal jurisdiction over a party unless there exist between that party and the forum state "certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Calder v. Jones,* 465 U.S. 783, 788, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (internal quotation marks omitted). In determining whether minimum contacts exist, a court looks to "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The court's

focus should be whether the exercise of jurisdiction "is reasonable under the circumstances of [the] particular case." *Chew v. Dietrich,* 143 F.3d 24, 28 (2d Cir.) (internal quotation marks omitted), *cert. denied,* 525 U.S. 948, 119 S.Ct. 373, 142 L.Ed.2d 308 (1998).

■ In the present case, plaintiffs urged upon the district court various bases for the assumption of personal jurisdiction over Baptiste. The court plainly rejected Baptiste's jurisdictional challenge, but the record does not reveal the ground of that rejection. Because the absence of an explanation prevents meaningful appellate review, we remand the matter to the district court for supplementation of the record with a statement of the factual and doctrinal grounds for the court's ruling on personal jurisdiction.

The mandate shall issue forthwith. The parties are to inform the Clerk of this Court when the district court has issued its supplementation of the record. Following such notification, jurisdiction of the appeal and the cross-appeal will be automatically restored to this Court without need for either party to file a new notice of appeal. *See United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994). After jurisdiction is restored, the Clerk shall set an expedited briefing schedule, and the matter will then be heard by this panel on the original briefs, together with supplemental letter briefs on the jurisdiction issue not to exceed 10 double-spaced pages.

No costs are awarded at this time.