**18**

**Steven Jude HOFFENBERG,**
Plaintiff–Appellant,

v.

**HOFFMAN POLLOK & PICKHOLZ
LLP, Defendant–Appellee.**

Docket No. 01–9427.

United States Court of Appeals,
Second Circuit.

May 13, 2002.

Steven Jude Hoffenberg, pro se, Ayer, MA, for Appellant.

John L. Pollok, (William A. Rome, on the brief), Hoffman Pollok & Pickholz LLP, New York, NY, for Appellee.

Present CABRANES, POOLER, and Katzmann, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of dismissal with prejudice of said District Court be and hereby is VACATED and the case is REMANDED for further proceedings consistent with this order.

Plaintiff timely appeals from a *sua sponte* order of dismissal with prejudice of the United States District Court for the Southern District of New York entered on November 19, 2001.

In a September 9, 2001 order, the District Court *sua sponte* stated that plaintiff "failed to serve defendants with the summons and complaint within 120 days of filing in violation of Rule 4(m), Fed.R.Civ. P." and granted plaintiff "an additional 45 days in which to serve defendants." *Hoffenberg v. Hoffman & Pollock*, No. 00–3151 (S.D.N.Y. Sept. 9, 2001) (order). The court warned that "[f]ailure to accomplish service may result in dismissal." *Id.*

On October 2, 2001, plaintiff filed a "reply" to the District Court's September 9, 2001 order, arguing that defendants were served with process and that defendants confirmed that service by filing a June 13, 2000 letter[1] with the District Court, which acknowledged that defendants "received a complaint filed by Steven Hoffenberg, a former client[,] on June 2, 2000" (Letter of John L. Pollock to Judge Berman of 6/13/00, at 1). Two days later, plaintiff also filed a "supplemental reply" to the District Court's order, stating that service on defendants was made on June 2, 2000 and that an affidavit of service was filed with the District Court in June 2000. Though filing of this affidavit is not reflected on the District Court's docket sheet, plaintiff attaches a copy of it as an exhibit to his brief on appeal. Appellant's Br., Ex. 2.

Without acknowledging plaintiff's reply to the District Court's September 9, 2001 order, the District Court *sua sponte* dismissed plaintiff's action with prejudice, stating that plaintiff failed to comply with Federal Rule of Civil Procedure 4(m)

---

1. For unknown reasons, defendants' June 13, 2002 letter was not entered on the District Court's docket sheet.

(Time Limit for Service). *Hoffenberg v. Hoffman & Pollock,* No. 00–3151 (S.D.N.Y. Nov. 14, 2001) (order).

Federal Rule of Civil Procedure 4(*l*) (Proof of Service) provides in relevant part,

> If service is not waived, the person effecting service shall make proof thereof to the court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof.... *Failure to make proof of service does not affect the validity of the service. The court may allow proof of service to be amended.*

*Id.* (emphasis added). Plaintiff's unacknowledged, though docketed, replies to the District Court's September 9, 2001 order could be construed as an attempt to amend proof of service, which plaintiff alleges was filed in June 2001, though not docketed in any event, in the form of the June 2, 2001 affidavit of service submitted as an exhibit on appeal, *see* Appellant's Br., Ex. 2.

In light of plaintiff's unacknowledged replies to the District Court, the language of Rule 4(*l*), and our inability to discern from the record why the District Court found service to be improper, *see Fort Knox Music Inc. v. Baptiste,* 203 F.3d 193, 197 (2d Cir.2000) ("Because the absence of an explanation prevents meaningful appellate review, we remand the matter to the district court for supplementation of the record with a statement of the factual and doctrinal grounds for the court's ruling on personal jurisdiction."), we vacate the District Court's order of dismissal and remand the case for the District Court to consider whether service was proper. The District Court shall consider in the first instance (1) whether the receptionist who accepted service on behalf of defendants at their place of business was explicitly or apparently authorized to accept service on

behalf of defendants, a limited liability partnership, *see* N.Y.C.P.L.R. § 310–a; Fed.R.Civ.P. 4(e)(1), h(1); and (2) whether defendants are precluded from arguing that service was improper where defendants failed to do so before the District Court and, in fact, submitted a June 13, 2000 letter to the District Court acknowledging that defendants had "received a complaint filed by Steven Hoffenberg, a former client[,] on June 2, 2000" (Letter of John L. Pollock to Judge Berman of 6/13/00, at 1).

For the reasons set forth above, the order of dismissal with prejudice of the District Court is hereby VACATED and the case is REMANDED for further proceedings consistent with this order.