Sarah Lynn RICHARDS, Plaintiff,

v.

TSUNAMI SOFTGOODS, INC., Gemini Fashions of Canada, Ltd., and Catalog Ventures Inc., Defendants.

No. CIV.02–101–PC.

United States District Court, D. Maine.

Jan. 17, 2003.

Daniel J. Mitchell, Esq., Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for plaintiff.

Christian T. Chandler, Esq., Curtis, Thaxter, Stevens, Broder, & Micoleau, Portland, ME, for defendants.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

GENE CARTER, Senior District Judge.

Now before the Court is a Motion to Dismiss by Defendants Tsunami Softgoods, Inc. ("Tsunami") and Gemini Fashions of Canada, Ltd. ("Gemini") (Docket Item No. 4) in an action by Plaintiff Sarah Richards for copyright infringement under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* In their Motion to Dismiss, Defendants invoke Fed. R.Civ.P. 12(b)(2) and contend that they lack sufficient contacts with the state of Maine to allow this Court to establish personal jurisdiction over them. On November 18, 2002, this Court ordered the parties to brief the personal jurisdiction issue under the recently developed test set forth in *United States v. Swiss Am. Bank Ltd.,* 191 F.3d 30 (1st Cir.1999) (*Swiss II*), which assesses the amenability of foreign defendants in federal question cases to the jurisdiction of the federal courts in the United States, using the recently enacted Rule 4(k) of the Federal Rules of Civil Procedure. *See* Order (Docket Item No. 15). The Court understands the arguments under Rule 4(k) to be in the alternative to those already set forth in the original Motion to Dismiss and responses thereto. This issue has now been fully briefed, and after careful review and consideration of the pleadings filed with this Court to date, the Court will grant Defendants' Motion to Dismiss without prejudice.

## I. Legal Standard

On a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to make a *prima facie* showing of personal jurisdiction by demonstrating the existence of "every fact required to satisfy both the forum's long-arm statute and the [D]ue [P]rocess [C]lause of the Constitution" when the court's decision will be made on the basis of the pleadings. *Boit v. Gar–Tec Products, Inc.,* 967 F.2d 671, 675 (1st Cir.1992). (internal citation omitted). *See also United Elec., Radio and Mach. Workers of America (UE) v. 163 Pleasant Street Corp.,* 987 F.2d 39, 43 (1st Cir.1993) (*Pleasant Street II*). The plaintiff must cite to specific evidence in the record, and the court must accept the proffered facts as true and view them in the light most favorable to plaintiff. *Pleasant Street II,* 987 F.2d at 44 (*citing Boit,* 967 F.2d at 675). In ruling on a motion to dismiss for lack of personal jurisdiction,

the court must also consider any uncontested facts put forward by the defendant. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 51 (1st Cir.2002).

The personal jurisdictional reach of a court sitting in a federal question case differs from that of a court sitting in diversity. *See* 18 U.S.C. § 1332. In a federal question case, "the constitutional limits of the court's personal jurisdiction are fixed ... not by the Fourteenth Amendment but by the Due Process Clause of the Fifth Amendment." *United States v. Swiss Am. Bank, Ltd.* 274 F.3d 610, 618 (1st Cir.2001) (*Swiss IV*) (*quoting United Elec. Radio and Mach. Workers of America (UE) v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir.1992) (*Pleasant Street I*)). Under the Fifth Amendment, the federal court's power to assert personal jurisdiction is geographically expanded due to the absence of the federalism concerns that are normally present in a diversity case. *Pleasant Street I*, 960 F.2d at 1085. This means that "a plaintiff need only show that the defendant has adequate contacts with the United States as a whole, rather than with a particular state." *Swiss IV*, 274 F.3d at 618. That being said, however, the plaintiff must still ground its service of process in a federal statute or civil rule. *See id. See also Lorelei Corp. v. County of Guadalupe*, 940 F.2d 717, 719 (1st Cir. 1991) ("Although there is no direct constitutional check on the district court's exercise of personal jurisdiction over a United States resident in a federal question case, there is a statutory limitation.").

Statutory authorization can come from a federal statute, or it may come from the forum state's personal jurisdiction rules, in which case the inquiry ends up being the same as that of a federal court sitting in diversity. *See Pleasant Street I* at 1086. Alternatively, authorization may come from Federal Rule of Civil Procedure 4(k)(2), in the case of a plaintiff seeking to assert personal jurisdiction over a foreign defendant. *Swiss II*, 191 F.3d at 36. In the instant case, authorization to exercise personal jurisdiction can come from only the latter two options—the Maine long-arm statute or Rule 4(k)(2)—because the federal copyright statute does not provide for national or worldwide service of process. *See Fort Knox Music, Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir.2000).

## II. Facts

Plaintiff Sarah Richards creates original watercolor paintings and lithograph prints, which she markets and sells through her own art gallery as well as through more than 75 art dealers located in 29 states throughout the United States. Complaint (Docket Item No. 1) ¶¶ 1, 6. Defendants are Tsunami Softgoods, Inc., a Utah corporation with a principal place of business in Park City, Utah, and Gemini Fashions of Canada, Ltd., a Canadian corporation with a principal place of business in Winnipeg, Manitoba, Canada. *See* Motion of Defendants Gemini Fashions of Canada, Ltd. and Tsunami Softgoods, Inc. to Dismiss for Lack of Personal Jurisdiction and Incorporated Memorandum of Law (Docket Item No. 4), Exhibit B, Affidavit of Todd Arenson ¶ 2; Complaint ¶ 10.

Tsunami does not sell or manufacture any goods; it is a design and development company for the outdoor fashion industry, and it licenses its designs to companies such as Gemini for manufacture and sale. Arenson Aff. ¶ 3. At the time of the alleged infringement, Tsunami employed a total of four people, none of whom were located in, or ever traveled to, Maine to solicit or secure business. *Id.* ¶¶ 4–5. Tsunami does not advertise in any publication or journal targeted to Maine or maintain a telephone or other communication device within Maine, nor does it maintain a web-

site on the worldwide web. *Id.* ¶ 5. All of Tsunami's work is performed in Park City, Utah. *Id.* ¶ 6.

Here, Gemini and Tsunami have a licensing agreement whereby all Tsunami brand products are licensed to Gemini; all design work for these products is done at the Tsunami office in Park City, Utah, and all manufacturing activities take place in Winnipeg, Manitoba, Canada, as well as in several Asian countries. Defendants' Motion to Dismiss, Exhibit A, Affidavit of Robert Forbes ¶¶ 7–8. Gemini does not maintain any facilities within the United States and does not have any employees in the United States. *Id.* ¶¶ 3–4. All Gemini sales are made through a combination of independent regional sales representatives located in various states throughout the United States and Gemini sales managers located in Winnipeg. "Sales administration" for Gemini in the United States is through an independent contractor, Apollo Concepts of Boise, Idaho. Forbes Aff. ¶ 3. Sales of Tsunami-branded products in the state of Maine are covered by the independent northeast regional sales representative located in Dorset, Vermont. *Id.* ¶¶ 3–4. According to Gemini, it does not control or direct the activities of these regional sales representatives, who make most of their sales contacts at national, international, or regional trade shows. *Id.* ¶ 5. Orders for Gemini are placed with these independent sales representatives. *Id.* ¶ 6. During the 2001–2002 booking season,[1] Gemini made a total of $54,350 in sales to accounts in Maine. *Id.* ¶ 10. During the 1999–2000 and 2000–2001 booking seasons, sales to Maine amounted to approximately $25,927 for each year. Supplemental Affidavit of Robert W. Forbes (Docket Item No. 12) ¶ 3. Gemini does not advertise in any publication targeted to Maine or in any Maine publication. Forbes Aff. ¶ 5.

In 1998, Plaintiff painted an original work entitled "Drums on the Mesa," and registered the painting with the United States Copyright Office on November 9, 2001. Complaint ¶ 16. Plaintiff alleges that Defendants Tsunami and Gemini have used this copyrighted work on several items of clothing and accessory products manufactured or sold by them and that they have used her work in their marketing literature. *Id.* ¶¶ 20–27. Plaintiff first became aware of the alleged infringement in the fall of 2001, when she received a copy of a catalog that contained the alleged infringing products. Affidavit of Sarah Lynn Richards (Docket Item No. 10) ¶¶ 2–3. Between October 2001 and April 2002, Plaintiff purchased various products from different catalogs that purported to bear her copyrighted work. These products were delivered to Plaintiff at her home in Bristol, Maine. *Id.* ¶¶ 4–5. On January 2, 2002, Plaintiff informed Defendants in writing that their products copied her copyrighted work and infringed her copyrights, and she requested each of them to cease and desist their alleged infringing conduct. Complaint ¶ 32. Despite her requests, Plaintiff believes that Defendants still continue to manufacture, market, sell, and otherwise distribute their products with the use of her copyrighted work. *Id.* ¶ 33.

## III. Discussion

In this case, personal jurisdiction can be established only under the Maine long-arm statute or under Federal Rule of Civil Procedure 4(k)(2). Because a party may invoke Rule 4(k)(2) only where no individual state may properly exercise personal jurisdiction over a defendant, the Court will first consider whether jurisdiction is properly exercised under the Maine long-arm statute.

---

1. According to Defendants, the "booking season" is in the fall and the spring.

## A. The Maine Long–Arm Statute

Normally, to show that the exercise of personal jurisdiction is proper, a plaintiff must show both that the long-arm statute of the state in which the federal district court sits grants jurisdiction over the defendant, and that such an exercise of jurisdiction comports with constitutional requirements. *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 144 (1st Cir.1995). However, because Maine's long-arm statute, 14 M.R.S.A. § 704–A, is coextensive with the limits of the Due Process Clause of the Fourteenth Amendment, it is the Due Process Clause that actually determines the limits of the Court's jurisdictional reach. *Forum Fin. Group v. President and Fellows of Harvard College*, 173 F.Supp.2d 72, 87 (D.Me.2001) (*citing Electronic Media Int'l v. Pioneer Communications of America, Inc.*, 586 A.2d 1256, 1258 (Me. 1991)). For a court's exercise of personal jurisdiction to comply with constitutional due process, the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (internal citation omitted).

### (1) General Jurisdiction

■ There are two species of jurisdiction that may be asserted over a defendant: general and specific. To assert general jurisdiction, there must be "continuous and systematic general business contacts" between the foreign defendant and the forum. *Swiss IV*, 274 F.3d at 619 (*quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). This jurisdiction may be established even when the defendant's contacts with the forum are unrelated to the subject matter of the action. *Scott v. Jones*, 984 F.Supp. 37, 43 (D.Me.1997). Next, the exercise of jurisdiction must be reasonable—a defendant's minimum contacts must "be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Donatelli v. National Hockey League*, 893 F.2d 459 (1st Cir. 1990) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (internal citation omitted)). In evaluating whether the exercise of general personal jurisdiction is warranted, courts focus on "the quality and quantity" of contacts between the potential defendant and the forum. *Phillips Exeter Academy v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir. 1999). The Court of Appeals for the First Circuit has noted that "[a]lthough minimum contacts suffice in and of themselves for specific jurisdiction under *International Shoe*, the standard for general jurisdiction is considerably more stringent." *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216 (1st Cir.1984).

First, the defendant's contacts with the forum must be evaluated because "[i]f the same do not exist in sufficient abundance ... the inquiry ends." *Swiss IV*, 274 F.3d at 619 (*quoting Donatelli*, 893 F.2d at 465.) In *Noonan v. Winston Co.*, 135 F.3d 85 (1st Cir.1998), the Court of Appeals for the First Circuit determined that the following were not sufficient minimum contacts to authorize general personal jurisdiction: (i) a visit by an employee of the defendant to the forum state sixteen years before the conduct that formed the basis of the allegations in the complaint, during which time the employee took the photograph of the plaintiff that was allegedly used without his permission sixteen years later; (ii) the defendant's solicitation of business in

the forum state during the eighteen months before the complaint was filed by calling, faxing and writing a potential customer in the forum state, sending employees into the forum state on at least two occasions with the intention of developing a relationship with the potential customer, and seeking business relationships with two other companies in the forum state; and (iii) taking approximately $585,000 in orders from the above-described customer. *Id.* at 87, 92–93.

In *Glater,* the following contacts were also found by the Court of Appeals for the First Circuit to be insufficient to authorize general jurisdiction: (i) the defendant conceded that it did business in the forum state; (ii) the defendant engaged in limited advertising in professional trade journals that circulated in the forum state; and (iii) it employed eight sales representatives whose duties included providing information to individuals and businesses in the forum state who could purchase its products from independent distributors in the forum state. *Glater,* 744 F.2d at 214–15, 217. Finally, the Supreme Court found in *Helicopteros* that a Texas district court could not exercise general personal jurisdiction over a Colombian corporation that sent its chief executive officer to Houston for contract negotiations, accepted into its New York bank accounts checks drawn on a Houston bank, bought equipment and training services from a Texas corporation, and sent personnel to that corporation's Texas facilities for training. *Helicopteros,* 466 U.S. at 416, 104 S.Ct. 1868, 80 L.Ed.2d 404.

The Defendants' contacts in this case are even less continuous and systematic than those contacts found to be insufficient in all of the above cases. Unlike the defendants in those cases, neither Gemini nor Tsunami have ever once sent an employee into the state of Maine, directly solicited business or advertised within the state of Maine, or ever contacted any individual or company within the state of Maine. Gemini has also derived considerably less from sales in Maine—approximately $55,000 in 2001–2002 and approximately $25,000 in 1999–2000 and 2000–2001—than the $585,000 found to be insufficient on all the facts in *Noonan.* Given First Circuit and Supreme Court precedent, Defendants clearly have not had enough contact with the state of Maine to justify this Court's exercising general jurisdiction.

### (2) Specific Jurisdiction

■ Even if there are not enough contacts to authorize a court to exercise general jurisdiction over a defendant, specific jurisdiction may still be warranted. The Court of Appeals for the First Circuit has established a three-part analysis in making this determination. First, the court must establish whether the plaintiff's claim directly relates to or arises out of the defendant's contacts with the forum. Second, the court must decide whether those contacts constitute purposeful availment of the benefits and protections afforded by the forum's laws. And third, if the first two prongs are satisfied, the court must be sure that the exercise of jurisdiction is reasonable and that it comports with fundamental fairness. *Phillips Exeter,* 196 F.3d at 288; *Swiss IV,* 274 F.3d at 620–21.

The first prong—the relatedness prong—focuses on "the nexus between the defendant's contacts and the plaintiff's cause of action." *Ticketmaster-N.Y., Inc. v. Alioto,* 26 F.3d 201, 206 (1st Cir.1994). The inquiry begins "by identifying the alleged contacts, since there can be no requisite nexus between the contacts and the cause of action if no contacts exist." *Swiss IV,* 274 F.3d at 621. Such an inquiry is extremely fact-specific, and "each case requires an individualized weighing of the material facts." *Pleasant Street I,* 960

F.2d at 1088. In this case, neither Gemini nor Tsunami have had any contacts at all with the state of Maine. Plaintiff has charged only that the products she bought that allegedly bear her copyrighted design were manufactured by Gemini (in Manitoba, Canada) and designed by Tsunami (in Utah). She does not claim that she bought them from either Gemini or Tsunami, but, rather, that she purchased the items from various catalog companies.[2] Plaintiff has furnished no evidence as to any type of agency relationship between the catalog companies and Gemini or Tsunami such that any actions of the catalog companies could be imputed to Defendants. Gemini has indicated that all of its sales in the United States are conducted by independent sales representatives. Forbes Aff. ¶ 4. These independent sales representatives are not the catalog companies.[3] Any orders for Gemini products made with its independent sales representatives "are not final until accepted by Gemini in Manitoba." *Id.* ¶ 6. Plaintiff has not alleged that it was Plaintiff's order, rather than the catalog company's order, that needed

Gemini approval. Likewise, Plaintiff has presented no evidence that it was Gemini, and not the catalog company, that shipped the product to her.[4] Ultimately, there is no proof in this record that either Defendant has made any contacts with the state of Maine. It is, therefore, unnecessary to further examine the second and third prongs of the specific jurisdiction test. Under the due process analysis, specific personal jurisdiction may not be asserted over Defendants.

## B. Rule 4(k)(2)

Although this Court has found that the Maine long-arm statute does not allow it to exercise personal jurisdiction over Defendants, Federal Rule of Civil Procedure (4)(k)(2) would supply a potential alternate basis for jurisdiction over Gemini in this case.[5] Rule 4(k)(2) functions as a type of federal long-arm statute by providing a basis for personal jurisdiction over a foreign defendant in a federal question case. Rule 4(k)(2) provides:

> If the exercise of jurisdiction is consistent with the Constitution and laws of

**2.** It does not appear that any of the various catalog companies from which she actually purchased the products are located in Maine. *See* Reply to Plaintiff's Objection to Motion of Defendants Gemini Fashions of Canada, Ltd. and Tsunami Softgoods, Inc. to Dismiss for Lack of Personal Jurisdiction (Docket Item No. 11) at 4, n. 4 for a list of the catalog companies, the city and state where each is located, and their individual websites. Plaintiff originally sued one of those companies, Catalog Ventures, Inc., but subsequently dismissed the Complaint against it without prejudice. *See* Notice of Dismissal as to Defendant Catalog Ventures, Inc. (Docket Item No. 16).

**3.** The Court notes that even if the catalog companies were the same as the independent sales representatives, the Court of Appeals for the First Circuit has recently indicated that "sales by an independent distributor ... or separately incorporated subsidiary normally do not count as 'contacts' of the manufacturer

or parent corporation." *Cambridge Literary Properties, Ltd., v. W. Goebel Porzellanfabrik,* 295 F.3d 59, 63, n. 3 (1st Cir.2002).

**4.** The Court notes here that the Court of Appeals for the First Circuit has adopted Justice O'Connor's plurality opinion in *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) which rejected the so-called stream of commerce theory: "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Id.* at 112, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92.

**5.** In this case, only Gemini is a foreign defendant, and, therefore, Rule 4(k)(2) can apply only to Gemini, and not Tsunami, for purposes of establishing personal jurisdiction. Thus, when the Court discusses jurisdiction under Rule 4(k)(2), it is referring only to jurisdiction over Defendant Gemini.

the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

Paragraph 2 of Rule 4(k) was drafted to "correct[ ] a gap in the enforcement of federal law" when dealing with defendants who were not residents of the United States and who had contacts with the United States as a whole but not enough with any individual state to support jurisdiction under a state long-arm statute. Fed. R.Civ.P. 4 advisory committee's note.

■ To establish personal jurisdiction under this rule, First Circuit precedent requires that the plaintiff make a *prima facie* showing that: (1) the claim asserted arises under federal law, (2) personal jurisdiction is not available under any situation-specific federal statute, and (3) the putative defendant's contacts with the nation as a whole suffice to satisfy the applicable constitutional requirements. *Swiss II*, 191 F.3d 30, 41. This Rule may be used to obtain personal jurisdiction only when, as the rule's last phrase indicates, *no* state's jurisdiction rules provide the requisite jurisdictional authorization and the plaintiff certifies this to be so. *See id.* Even if the plaintiff does all of the above, the defendant then has the opportunity to rebut this showing by producing evidence that, if credited, would show either that one or more specific states exist in which it would be subject to suit or that its contacts with the United States as a whole are constitutionally insufficient to support jurisdiction. *Id. See also ISI International, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir.2001) ("A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed.") If the defendant shows that another state exists where defendant would be subject to a court's jurisdiction, "the plaintiff has three choices: ... move for a transfer to a district within that state, or ... discontinue his action ... or ... contest the defendant's proffer." *Id.* at 42. If the plaintiff chooses the third course, he must prove that the defendant is not subject to suit in the identified forum(s). *Id.*

■ Gemini satisfies the *prima facie* showing under Rule 4(k)(2): the claim asserted is based on the Federal copyright statute, 17 U.S.C. §§ 501–511, and, therefore, arises under federal law; the copyright statute does not allow for nationwide or worldwide service of process; and, finally, the Court finds that Gemini's contacts with the nation as a whole would satisfy constitutional requisites for the exercise of personal jurisdiction.[6] However, Defendants have presented ample evidence that Gemini would be subject to the personal jurisdiction of the courts of either Utah or Idaho, *see* Supplemental Memorandum of Law in Support of Motion to Dismiss

---

**6.** The Court could exercise general personal jurisdiction over Gemini based on its continuous and systematic business contacts with the United States. Nearly half of Gemini's total sales for the fiscal years of 2000–2001 and 2001–2002 were made in the United States. Forbes Aff. ¶ 10. Further, Gemini itself announced in its press release that it maintains "an affiliated sales office in Boise, Idaho to handle sales and marketing directives."

Richards Aff., Exhibit 5. Given Gemini's substantial level of activities and sales in the United States, the exercise of personal jurisdiction over Gemini in the United States would be reasonable. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *see also International Shoe*, 326 U.S. at 316, 66 S.Ct. 154, 90 L.Ed. 95.

(Docket Item. No. 19), and Plaintiff does not dispute this contention.

The allegedly infringing design work occurred in Utah, where Defendant Tsunami, the designer of the product, resides. Arenson Aff. ¶¶ 2, 6. Pursuant to the licensing agreement between Tsunami and Gemini, Tsunami provided its designs to Gemini for the latter's production. In order to complete the required implementation planning for these designs, Gemini employees traveled to and worked in the Tsunami office in Park City, Utah. Def's Supp. Mem. in Support of Mot. to Dismiss, Exhibit A, Second Supplemental Affidavit of Robert W. Forbes, ¶ 2. In Utah, in addition to the standard due process requirement, jurisdiction is appropriate only if plaintiff establishes that: (1) the defendant conducted certain enumerated activities in Utah, and (2) there is a nexus between plaintiff's claim and defendant's conduct. *Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1074 (10th Cir.1995) (*citing* Utah Code Ann. § 78-27-24). The Utah long-arm statute provides for jurisdiction over an out-of-state resident based upon a "claim arising from" seven "enumerated acts," including: "(1) the transaction of any business within [the] state ... (2) contracting to supply service or goods in [the] state ...." Utah Code Ann. § 78-27-24. Gemini has engaged in these enumerated acts, and certainly Plaintiff's claim of copyright infringement arises out of this conduct. Clearly, Gemini would be subject to the jurisdiction of Utah under this statute and the requirements of due process.[7] Therefore, this Court may not exercise personal jurisdiction over Defendant Gemini on the basis of Rule 4(k)(2).[8]

## IV. Conclusion

For the foregoing reasons, the Court **ORDERS** that Defendants' Motion to Dismiss be, and it is hereby, **GRANTED** without prejudice.

---

7. The Seventh Circuit, in noting that personal jurisdiction is waivable, has gone so far as to say that "[n]aming a more appropriate state [where a court could exercise personal jurisdiction] would amount to a consent to personal jurisdiction there." *ISI International,* 256 F.3d at 553.

8. Defendants have also provided evidence that Gemini would be subject to the personal jurisdiction of the courts in Idaho. However, because it is established that Utah courts would have jurisdiction, it is unnecessary to undertake an analysis of potential jurisdiction in Idaho.