TELEBYTE, INC., Plaintiff,

v.

KENDACO, INC., d/b/a Telebyte
Northwest and Telebyte
NW, Defendant.

No. 99–CV–3806(ADS).

United States District Court,
E.D. New York.

July 24, 2000.

Kenyon & Kenyon, New York City, by Albert J. Breneisen, Dana R. Kaplan, David A. Lammey, of counsel, for plaintiff.

Fitzpatrick, Cella, Harper & Scinto, New York City, by Pasquale A. Razzano, Victoria J.B. Doyle, Nicole E. Miller, of counsel, for defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On July 3, 1999, Plaintiff Telebyte, Inc. ("Telebyte") filed this action alleging that Defendant Kendaco, Inc. ("Kendaco") was using the domain names "telebyte.com" and "telebyte.net" in violation of Telebyte's trademark rights under the Lanham Act, 15 U.S.C. § 1125. Presently before this Court is Kendaco's motion to dismiss the complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

### *BACKGROUND*

As this decision involves a motion to dismiss for lack of personal jurisdiction, the Court will consider the various affidavits submitted by the parties in addition to the allegations in Telebyte's complaint. *See Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 196–98 (2d Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990).

Defendant Kendaco, Inc. is a State of Washington corporation with its principal place of business in Silverdale, Washington. Kendaco is an Internet service provider (ISP), affording businesses access to the Internet as well as the ability to send and receive electronic mail. In addition, Kendaco designs, builds, configures and installs Internet and Intranet systems for businesses. Kendaco's web site advertises an 800 number which they allege can only be accessed from the Washington state area, an e-mail address, and various order forms that allow a user accessing the web site to purchase services they provide. Kendaco operates their ISP and web site under the names "Telebyte Northwest" and "Telebyte NW." Also, Kendaco owns the service mark "Telebyte NW." In 1994, Kendaco registered the domain name "telebyte.com," and created a web site using the "telebyte.com" domain name on a server located in Washington. At some point before early 1995, Kendaco began using the domain name "telebyte.net" as well.

Plaintiff Telebyte is a Delaware corporation with its principal place of business in Greenlawn, New York. Telebyte manufactures computer and data communications products. In 1998, Telebyte registered the trademark "Telebyte" with the United States Patent Office, and received a trademark registration to use that mark in connection with their computer and data communication products.

Upon learning of the Kendaco's internet site in early 1995, Telebyte's Controller, Michael Breneisen, contacted James Kendall, the owner of Kendaco, and inquired into the nature of Kendaco's business. Following that discussion, Telebyte's President, Joel Kramer, made a follow up call to Kendall. In response to that call, Kendaco sent a brochure, which included an order form, to Kramer in Greenlawn, N.Y., describing the nature of Kendaco's business. In March 1995, Telebyte sent a cease and desist letter to Kendaco, requesting that they no longer use the "telebyte" mark in their domain name.

Telebyte alleges that Kendaco's use of the domain names in question constitutes a

violation of Telebyte's trademark rights. Specifically, Telebyte alleges Kendaco is causing harm by doing business in ways substantially similar to Telebyte while using Telebyte's mark. In response to the cease and desist letter, Kendaco notified Telebyte that they would continue using the domain names. Since then, Telebyte has been contacted by several customers who have mistakenly accessed Kendaco's web site while trying to reach the Telebyte site. Telebyte then commenced this action against Kendaco for trademark infringement and unfair competition.

Kendaco argues that this Court cannot exercise personal jurisdiction because it has no contacts in and with the State of New York. Kendaco alleges that they limit their business operations to western Washington State, and they neither do nor solicit business in the State of New York. Kendaco claims that it does not have any shareholders, officers, employees, bank accounts, phone listings, computers, or other equipment in New York. In addition, it claims it does not advertise or market its services in a way that targets New York. Kendaco notes that only nine of its 1,500 customers have billing addresses outside the state of Washington.

On the other hand, Telebyte claims that jurisdiction is proper because Kendaco has solicited business in New York. Telebyte argues that the defendant's use of a web site that can be accessed by computers in New York to solicit orders creates jurisdiction. Telebyte argues that this has caused several instances of confusion to its customers in the State of New York. In addition, the plaintiff points toward Kendaco's mailing of the brochure and order form to the President of Telebyte's office in Greenlawn, N.Y. in 1995 as evidence that Kendaco has advertised and directed business toward New York.

## DISCUSSION

■ In a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999); *Kernan v. Kurz–Hastings, Inc.,* 175 F.3d 236, 240 (2d Cir.1999), *citing Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir.), *cert. denied,* 519 U.S. 1006, 117 S.Ct. 508, 136 L.Ed.2d 398 (1996). While the plaintiff will ultimately have to prove the existence of personal jurisdiction over the defendant by a preponderance of evidence, prior to discovery, a plaintiff may defeat such a motion with legally sufficient allegations of jurisdiction that are pleaded in good faith. *See Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 184 (2d Cir.1998); *see also Wilcock v. Equidev Capital L.L.C,* 1999 U.S.Dist. LEXIS 18898, *2 (S.D.N.Y. 1999).

■ Motions to dismiss under 12(b)(2) test the plaintiff's theory of jurisdiction and the facts supporting the jurisdictional theory. *See Credit Lyonnais Securities (U.S.A.), Inc. v. Alcantara,* 183 F.3d 151, 153 (2d Cir.1999). To survive a motion to dismiss, the plaintiff is required to make a prima facie showing of jurisdiction, including an averment of facts that, if credited by the ultimate trier of fact, sufficiently establish jurisdiction over the defendant. *See Kernan,* 175 F.3d at 240; *Bank Brussels Lambert,* 171 F.3d at 784.

■ In reaching a decision as to whether jurisdiction is appropriate, the Court need only determine whether the facts alleged by the plaintiff, if true, are sufficient to establish jurisdiction. *See Credit Lyonnais Sec., Inc.,* 183 F.3d at 153. No evidentiary hearing or factual determination is necessary for this purpose. *See id.* When considering various affidavits and sworn declarations, the Court must construe them in the "light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."

*A.I. Trade Finance, Inc. v. Petra Bank,* 989 F.2d 76, 79–80 (2d Cir.1993).

■ In order to determine whether personal jurisdiction exists over a defendant, federal courts must first look to the long arm statute of the forum state. *Bensusan Restaurant Corp. v. King,* 126 F.3d 25, 27 (2d Cir.1997). In New York, personal jurisdiction is determined by sections 301 and 302(a) of the New York Civil Practice Law and Rules ("CPLR"). *See Reynolds Corp. v. National Operator Services, Inc.,* 73 F.Supp.2d 299, 302–03 (W.D.N.Y.1999). If jurisdiction is available under state law, the Court must then determine whether its exercise of that jurisdiction is consistent with the principles of due process. *See Metropolitan Life Ins. Co.,* 84 F.3d at 567.

Telebyte contends that personal jurisdiction exists over Kendaco pursuant to two sections of New York's long arm statute: (i) commission of a tortious act within New York under CPLR § 302(a)(2), or (ii) commission of a tortious act outside New York with consequences within New York under CPLR § 302(a)(3).

### 1. Personal Jurisdiction under Section 302(a)(2)

First, Telebyte contends that this court has personal jurisdiction over the defendant under CPLR. § 302(a)(2). That statute states that a court may exercise personal jurisdiction over a non-domiciliary when that party "commits a tortious act within the state ..." N.Y. CPLR § 302(a)(2). The court may assert jurisdiction in cases where the defendant committed a tortious act within the state and the cause of action arises from that tortious act. *Hearst Corp. v. Goldberger,* 1997 WL 97097 (S.D.N.Y.1997), *citing Bensusan,* 126 F.3d at 28, 29 (2d Cir.1997). In order to commit a tort within the state of New York under CPLR 302(a)(2), the defendant or its agent must be *physically present* within the state when the tort occurs. *See Bensusan,* 126 F.3d at 28, 29.

Here, Telebyte contends that Kendaco committed the tort of unfair competition in the state of New York. Specifically, Telebyte contends that Kendaco has offered their product, containing the infringing mark, for sale in New York through their internet site and by mailing a sales brochure to Greenlawn, N.Y.

### A. As to the web site

■ Telebyte asserts that Kendaco has committed a tort while physically present in New York because Kendaco's web site, which contains the infringing mark, can be accessed by any computer with Internet access in New York.

The existence of a web site outside New York, even one that offers a product for sale, cannot alone confer jurisdiction over the defendant under CPLR § 302(a)(2). *Bensusan,* 126 F.3d at 29. *Citigroup, Inc. v. City Holding Co.,* 97 F.Supp.2d 549, 567 (S.D.N.Y.2000); *Hearst,* 1997 WL 97097 at *13. "Although it is in the very nature of the Internet that the allegedly infringing marks contained in these web sites can be viewed anywhere, this does not mean that the infringement occurred everywhere." *Citigroup,* at 567. Courts have held that, when web sites display infringing marks, the tort is committed where the web site is created and/or maintained. *See Id.; National Football League v. Miller,* 2000 WL 335566 (S.D.N.Y. Mar. 30, 2000); *Hearst,* 1997 WL 97097 at *10; *American Network, Inc. v. Access America/Connect Atlanta, Inc.,* 975 F.Supp. 494, 497 (S.D.N.Y. 1997).

While Kendaco's web site can be accessed anywhere in the world, Telebyte does not dispute that Kendaco's web server is located in the state of Washington. Therefore, any tort arising from Kendaco's use of Telebyte's mark on their web site is committed in the state of Washington, not New York. To hold otherwise would create "nationwide (indeed, worldwide) personal jurisdiction over anyone and everyone who establishes an Internet web site." *Hearst,* 1997 WL 97097 at *1.

### B. *As to the brochure*

■ Telebyte also asserts Kendaco was physically present in New York because it mailed a sales brochure to a the President of Telebyte.

Offering an infringing product for sale in New York is sufficient to establish jurisdiction under CPLR § 302(a)(2), and mailing advertisements which offer goods for sale to New York addresses has been held to confer jurisdiction in the past. *Pilates, Inc. v. Pilates Institute, Inc.,* 891 F.Supp. 175, 180 (S.D.N.Y.1995). *See also Bensusan,* 126 F.3d at 28, *Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886 (S.D.N.Y.1974)

Here, Telebyte argues that Kendaco directed mailed an advertisement into New York by sending a sales brochure sent by Kendaco to Joel Kramer, a New York resident who was then the President of Telebyte. In addition to information about the company, the brochure contained an order sheet, which Telebyte asserts constitutes an offer to sell services and therefore establish physical presence in New York. Even drawing all inferences in Telebyte's favor, the court cannot accept this assertion to confer jurisdiction in this case.

In the cases cited above, sales literature was mailed in order to solicit business. Here, Kendaco sent literature to New York only after the President of Telebyte contacted Kendaco to learn more about Kendaco's business operations for the purposes of resolving a conflict over trademarks. Telebyte does not allege that it ever expressed interest in purchasing services from Kendaco, nor does it seem reasonable to interpret Kendaco's sending of the brochure as anything other than an attempt to demonstrate Kendaco's right to use the "Telebyte" mark. Thus, the brochure cannot be considered a solicitation for products and services for the purposes of satisfying CPLR § 302(a)(2).

Therefore, neither the brochure mailed by the defendant nor the existence of the defendant's web site are sufficient to establish that Kendaco has ever been physically present in New York. For this reason, the court cannot assert personal jurisdiction under CPLR § 302(a)(2).

### 2. Personal Jurisdiction under Section 302(a)(3)

Alternatively, Telebyte attempts to establish a prima facie case for personal jurisdiction under CPLR. § 302(a)(3). This statute states that a defendant is subject to jurisdiction when the defendant:

"commits a tortious act without the state causing injury to person or property within the state . . . if he:

(i) regularly does or solicits business, or engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or,

(ii) expects or reasonably should expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . ."

In order to establish jurisdiction over Kendaco under this section, Telebyte must establish harm within New York State caused by Kendaco's tortious conduct and then satisfy the requirements set forth either in subsection (i) or in subsection (ii). N.Y. CPLR. § 302(a)(3).

### A. *As to whether Kendaco caused injury within New York*

■ In order for CPLR § 302(a)(3) to apply, the defendant's tortious act must cause injury within the state. It is not sufficient to satisfy the statute merely to say the plaintiff is located in New York and has lost profits there. *American Network,* 975 F.Supp. at 497, *citing Fantis Foods, Inc. v. Standard Importing Co.,* 49 N.Y.2d 317, 425 N.Y.S.2d 783, 402 N.E.2d 122 (1980). However, allegations that New York computer users were "confused and deceived" by an offending mark on the defendant's web site is sufficient to establish injury within New York state. *See id.; Citigroup,* at 568; *National Football League,* 2000 WL 335566 at *2. Here, the

plaintiff presents similar allegations in its signed declarations. Telebyte's staff and customers have acknowledged being confused by Kendaco's website. Therefore, there is sufficient harm within New York state to satisfy the initial requirement of CPLR § 302(a)(3).

### B. As to the regular solicitation of business in N.Y.

The plaintiff alleges that CPLR § 302(a)(3)(i) is satisfied due to the constant presence of the defendant's website, which allows a user to easily order the defendant's services. However, as discussed earlier, the mere existence of a web site accessible from New York is insufficient to establish "solicitation" for purposes of personal jurisdiction. *Bensusan,* 126 F.3d at 29. Telebyte offers no evidence that Kendaco consistently does business within the state of New York. In fact, Telebyte has not alleged that Kendaco has done *any* business in New York. There is no evidence that Kendaco derives any revenue from the state. Therefore, the court cannot assert jurisdiction under CPLR § 302(a)(3)(i).

### C. As to the expectation of consequences and revenue from interstate commerce

CPLR § 302(a)(3)(ii) requires that the defendant, in addition to causing injury within the state, would expect the action to have consequences in New York *and* derive substantial revenue from interstate commerce. N.Y. CPLR § 302(a)(3)(ii). See also *Hearst* Corp., 1997 WL 97097 at *15. The substantial revenue requirement is meant to exclude "non-domiciliaries whose business operations are of a local character." *Bensusan* 126 F.3d at 29. *See also United Bank of Kuwait v. James M. Bridges, Ltd.* 766 F.Supp. 113, 117–118 (S.D.N.Y.1991).

The exclusion of non-domiciliary businesses of a local nature applies here. As the defendant points out, Kendaco presently only offers local access numbers in Washington state to connect to the Internet. The sales literature sent to the for-

mer President of Telebyte stresses the defendant's business as "locally owned and operated" in Washington. There is no evidence that the defendant derives substantial revenue from interstate commerce. The only evidence of the defendant's revenue sources comes from the defendant's claim that from approximately 1552 Kendaco billing accounts, only nine contain billing addresses outside the state of Washington. Clearly, at the present time Kendaco's business is "of a local character" that does not derive substantial revenue from interstate commerce.

Moreover, given Kendaco's lack of any presence in New York, it is difficult to imagine how Kendaco could have anticipated its actions to have consequences in New York. Because of this, the court cannot assert jurisdiction under CPLR § 302(a)(3)(ii).

### CONCLUSION

For the reasons set forth above, Defendant Kendaco's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction is **GRANTED.** The complaint is therefore dismissed without prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED.**