**ISI BRANDS, INC., Plaintiff,**

v.

**KCC INTERNATIONAL, INC., Defendant.**

**No. 03 CV 1605(ADS)(WDW).**

United States District Court, E.D. New York.

Oct. 19, 2006.

Amster, Rothstein & Ebenstein, LLP, New York City (Chester P. Rothstein, Holly Pekowsky, of counsel), for Plaintiff.

Bush Graziano & Rice, PA, Tampa, FL (Dominick J. Graziano, of counsel), for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

ISI Brands, Inc. ("ISI" or the "Plaintiff"), brings this action against KCC International, Inc. ("KCC" or the "Defendant"), seeking injunctive relief and monetary damages for alleged trademark infringement, false designation of origin, dilution, unfair competition and deceptive trade practices.

Pending before the Court is a motion to dismiss the amended complaint by the Defendant pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3) ("Fed. R. Civ. P.") or, alternatively, to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). The Defendant also moves to dismiss the amended complaint pursuant to N.Y. Bus. Corp. Law Section 1312.

## BACKGROUND

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(2) is "inherently a matter requiring the resolution of factual issues outside of the pleadings." *Yellow Page Solutions, Inc. v. Bell Atl. Yellow Pages Co.*, No. 00 Civ. 5563, 2001 WL 1468168, at *1 (S.D.N.Y. Nov.19, 2001). As a result, "all pertinent documentation submitted by the parties may be considered in deciding the motion." *Id.* The following facts, therefore, are drawn from the complaint, affidavits, and documentary exhibits submitted by the Plaintiff and the Defendant, and are construed in the light most favorable to the Plaintiff. *Id.* (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986)).

In April 2003, Twin Laboratories, Inc. ("Twin") commenced this action against the Defendant, alleging, among other things, trademark infringement and unfair competition as a result of the Defendant's alleged use of a "family of approximately thirty five registered '_____ FUEL' marks" in connection with vitamins, minerals, dietary supplements, nutrition bars and drinks.

In September 2003, Twin filed for bankruptcy and the matter was stayed. In December 2003, Twin assigned its interests, including its trademarks, goodwill, applications, registrations and all causes of action for past or present infringement to ISI. In January 2006, the stay was lifted and ISI, substituted for Twin as the Plaintiff in this action.

The Plaintiff, ISI, a Michigan corporation, is an intellectual property holding company. As such, in December 2003, following the assignment of Twin's interests, ISI licensed the "FUEL" marks at issue to its parent company, IdeaSphere, Inc. ("IdeaSphere") and its sister company, Twinlab Corporation ("Twinlab"), a wholly owned subsidiary of IdeaSphere. Although the Plaintiff's principal place of business is Grand Rapids, Michigan, ISI's parent company, IdeaSphere and IdeaSphere's wholly owned subsidiary, Twinlab, were located in the Eastern District of New York until January 2006, and are presently located in the Southern District of New York.

The Defendant, a nutrition company, is incorporated in Florida, with its principal place of business in Florida. The Defendant sells nutrition bars and supplements bearing the name "Living Fuel" to customers through its internet website. The website and the Defendant's four employees are located in Florida. The website is interactive and permits consumers to place orders, check order status, view products

and contact KCC through a telephone number and e-mail address provided on the website.

In its amended complaint, the Plaintiff alleges that the Defendant's use of the mark "Living Fuel" on its nutrition bars and supplements is improper. Specifically, the Plaintiff claims that the Defendant infringed on and diluted its trademark, in violation of the Lanham Act and New York State law.

The Defendant now moves to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(2) and (3) for lack of personal jurisdiction and improper venue, or alternatively, to transfer venue to the Middle District of Florida. The Defendant also moves to dismiss the action alleging that N.Y. Bus. Law section 1312 precludes the Plaintiff, a foreign corporation, from maintaining an action in New York because it is not registered to do business in New York.

## DISCUSSION

### I. PERSONAL JURISDICTION

■ In a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R.Civ.P. 12(b)(2), the plaintiff bears the burden of demonstrating that the Court has jurisdiction over the defendant. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir.2001); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.1999)(citing *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.1996)). Where, as here, the parties have not yet conducted discovery, the plaintiff may defeat such a motion by making a prima facie showing of jurisdiction by way of the complaint's allegations, affidavits, and other supporting evidence. *Bank Brussels Lambert*, 171 F.3d at 784; *Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir.1999). Furthermore, materials presented by the plaintiff should be construed in the light most favorable to the plaintiff and all doubts resolved in its favor. *See A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir.1993).

■ "In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules 'if the federal statute does not specifically provide for national service of process.'" *PDK Labs v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (citing *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir.1990)). The Lanham Act does not provide for nationwide service of process; therefore, "this Court must look to New York's jurisdictional statutes to determine personal jurisdiction." *Greenlight Capital, Inc. v. Green-Light (Switz.) S.A.*, No. 04 Civ. 3136, 2005 WL 13682, *2, 2005 U.S. Dist. LEXIS 2 (S.D.N.Y. Jan. 4, 2005) (citing *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir.2004)).

If jurisdiction is found to exist, the Court must determine whether such exercise of jurisdiction under state law satisfies the federal due process requirements of "fair play and substantial justice." *Burger King Corp., v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); *see also Bank Brussels Lambert*, 171 F.3d at 784. "Traditionally, when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, the exercise of specific jurisdiction is proper." *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174.

In the amended complaint, the Plaintiff alleges that the Defendant, through its internet website, sells products bearing the allegedly infringing mark, nationally. The Plaintiff claims that the Defendant is subject to jurisdiction under New York's

long arm statute, CPLR Section 302. The Plaintiff generally alleges that the Defendant transacts and solicits business within New York State and derives substantial revenue from goods used or consumed in New York. The Plaintiff further claims that the Defendant's sale of products with the allegedly infringing mark constitutes a tortious act.

In its memorandum of law in opposition to the Defendant's motion, the Plaintiff argues that personal jurisdiction exists under the transacting business prong of CPLR section 302(a)(1) and also pursuant to section 302(a)(2). In particular, the Plaintiff claims that: (1) KCC sells products through its website to consumers nationally, including within New York; (2) KCC's website allows consumers to order products, obtain information about the products and receive delivery of the products anywhere in the United States; and (3) the website advises consumers that they can call a toll free number or e-mail KCC to inquire about orders. The Plaintiff claims that, in July 2003, Edward Keenan, then Director of Creative Services for Twin, visited KCC's website and ordered products for delivery to Setauket, New York. The Plaintiff also states that, in February 2006, a paralegal employed by its present counsel, similarly placed an internet order and received the products in Wantagh, New York.

### A. As To Specific Jurisdiction

### 1. The Transaction of Business Prong of Section 302(a)(1)

■ Section 302(a)(1) confers jurisdiction over a non-domiciliary corporation that "transacts business within the state," if there is a "direct relationship between the cause of action and the in state conduct." *Fort Knox Music, Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir.2000). In contrast to "doing business," "transacting

business requires only a minimal quantity of activity, provided that it is of the right nature and quality." *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir.1996). A single transaction may suffice for personal jurisdiction under Section 302(a)(1), and physical presence by the defendant in the forum state during the activity is not necessary. *Bank Brussels Lambert*, 171 F.3d at 787. A finding of personal jurisdiction must be based upon the totality of the circumstances. *Agency Rent A Car*, 98 F.3d at 29.

"Although Section 302(a)(1) is typically invoked in breach of contract cases ... it applies as well to actions in tort when supported by a sufficient showing of facts." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir.2004) (internal citations omitted). The Second Circuit has found that a Lanham Act claim "sounds in tort." *Id.* (citing *PPX Enter., Inc. v. Audiofidelity, Inc.*, 746 F.2d 120, 124–25 (2d Cir.1984) (Section 43(a) of the Lanham Act "created a new statutory tort")).

■ In the instant case all of the activity allegedly engaged in by the Defendant occurred via the internet. A corporation which "make sales to customers in a distant state" via a website can become "subject to the jurisdiction of that state's courts." *NFL v. Miller*, No. 99 Civ. 11846, 2000 WL 335566, *1, 2000 U.S. Dist. LEXIS 3929, at *2 (S.D.N.Y. Mar. 30, 2000). However, "[w]ith the advent of the internet, the courts have been confronted with a new set of challenges ... The guiding principle which has emerged from the case law is that whether the exercise of personal jurisdiction is permissible is 'directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet.'" *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 565 (S.D.N.Y.2000) (citing *K.C.P.L., Inc. v.*

*Nash,* No. 98 Civ. 3773, 1998 WL 823657, at *5 (S.D.N.Y.1998) (internal citations omitted)).

■ In order to determine the existence of personal jurisdiction in internet cases, courts inquire as to whether the "defendant maintains an interactive website which permits the exchange of information between users in another state and the defendant, which depending on the level and nature of the exchange may be a basis for jurisdiction." *Id.* (citing *Am. Homecare Fed. Inc. v. Paragon Scientific Corp.,* 27 F.Supp.2d 109, 113 (D.Conn.1998); *Zippo Mfg. Co. v. Zippo Dot Com,* 952 F.Supp. 1119, 1124 (W.D.Pa.1997)). The courts have recognized the existence of passive websites which make information available, as well as active websites which allow consumers to exchange information and actually do business through the internet. *Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.,* No. 00 Civ.1971, 2000 WL 1290585, **3–4, 2000 U.S. Dist. LEXIS 13138, at *10–11 (S.D.N.Y. Sept. 13, 2000).

■ Internet websites that are not of a commercial nature and do not permit the purchase of products on-line are not sufficient to confer personal jurisdiction pursuant to section 302(a)(1). *Rescuecom Corp. v. Hyams,* No 04–CV–93, 2006 U.S. Dist. LEXIS 45282, at *16–17 (N.D.N.Y. July 5, 2006) (the Court determined that the website did not confer personal jurisdiction because it was not of a commercial nature and it did not offer products for sale); *Molozanov v. Quantum Telecomms. Ltd.,* No. 05 Civ. 5270, 2006 WL 367576, *5, n. 11, 2006 U.S. Dist. LEXIS 16788, at *19 n. 11 (S.D.N.Y. Apr. 6, 2006) ("Although in some instances a defendant's contacts with New York via the internet can provide a basis for jurisdiction under CPLR § 302(a)(1) ... this would not hold true here, as this case involves at most the publishing of a statement on a passive website"); *Knight–McConnell v. Cummins,* No. 03 Civ. 5035, 2005 WL 1398590, *3, 2005 U.S. Dist. LEXIS 11577 at *10 (S.D.N.Y. June 13, 2005) (finding no transaction of business in New York based on online postings of statements about a New York resident on an out-of-state website).

Websites that are of a commercial nature and permit consumers to place orders and e-mail questions, can confer personal jurisdiction pursuant to section 302(a)(1). *Citigroup,* 97 F.Supp.2d at 565 (the website at issue permitted customers in New York to apply for loans on-line, converse on-line with representatives and e-mail questions); *Hsin Ten Enter. USA v. Clark Enters.,* 138 F.Supp.2d 449, 456 (S.D.N.Y. 2000) (website allows consumers to purchase product, e-mail company representatives and download order form); *Student Advantage,* 2000 WL 1290585, *4, 2000 U.S. Dist. LEXIS 13138, at *12 (finding transaction of business in New York where out-of-state website permitted New York viewer to purchase products by providing payment and shipping information online).

However, the Court notes that in these commercial website cases, the Court's inquiry regarding the existence of personal jurisdiction went beyond the website at issue. For example, although the Court, in *Citigroup,* noted that the internet activity was sufficient to confer personal jurisdiction, the Court determined that the defendant's activities were not solely limited to the internet; the Court found that the defendant had directly solicited New York clients through the mail and hired New York companies to record mortgages. *Citigroup,* 97 F.Supp.2d at 565. Similarly, in *Hsin,* the Court determined that, in addition to an interactive website, "defendants have affiliates who reside in New York, have representatives who have appeared in trade shows in New York, and have sold

several Exercise Machines to New York residents. These acts rise to the level of transacting business under § 302(a)(1)." 138 F.Supp.2d at 456. In *Student Advantage*, in addition to the existence of an interactive website, the Court also relied on the fact that: (1) the defendant's agents in New York had procured contracts with New York merchants, (2) the defendant had entered into such contracts with 176 New York merchants, and (3) the defendant actively recruited students in New York. 2000 WL 1290585, *4, 2000 U.S. Dist. LEXIS 13138, at *12.

The Plaintiff cites to *Alpha Int'l, Inc. v. T–Reproductions, Inc.*, No. 02 Civ. 9586, 2003 WL 21511957, 2003 U.S. Dist. LEXIS 11224 (S.D.N.Y. July 1, 2003), in support of its claim that the Court should exercise personal jurisdiction based on the Defendant's website. However, in that case, the Court grounded its finding of jurisdiction on the defendant's: (1) interactive website, (2) advertisements in a nationally distributed magazine, (3) direct mailings to New York residents, and (4) sale "of at least 143 items to New York residents." Similarly, the Plaintiff also cites to *Marsalis v. Schachner*, No. 01 Civ. 10774, 2002 WL 1268006, 2002 U.S. Dist. LEXIS 10157 (S.D.N.Y. June 6, 2002). Although the Court in *Marsalis*, stated that " '[a]ctive' websites, on the other hand, are sufficient to confer jurisdiction," the Court based its jurisdictional finding on the defendant's website, as well as the plaintiff's allegation that the defendant "actively market[ed] and s[old] the re-releases in New York through retailers and their websites." 2002 WL 1268006, *3, 2002 U.S. Dist. LEXIS 10157, at *9.

Moreover, Courts are reluctant to find personal jurisdiction unless the website specifically targets New Yorkers, or is aimed at New York users. *Seldon v. Direct Response Techs. Inc.*, No. 03 Civ.

5381, 2004 WL 691222, *4, 2004 U.S. Dist. LEXIS 5344, at *15 (S.D.N.Y. Mar. 31, 2004) ("Where a cause of action arises from a posting on an internet website, the fact that the posting appears on the website in every state will not give rise to jurisdiction in every state. To the contrary, jurisdiction will lie only if the posting is intended to target or focus on internet users in the state where the cause of action is filed"). In *City of New York v. Cyco.Net, Inc.*, 383 F.Supp.2d 526, 542 (S.D.N.Y.2005), the Court determined that it could exercise personal jurisdiction pursuant to CPLR § 302(a)(1) because the defendant "engaged in purposeful activities in New York vis-a-vis its interactive website." Specifically, the Court found that the plaintiff had sufficiently alleged that the defendant purposefully sold its product to New York City residents and purposefully concealed the sales from New York state tax authorities. *Cyco.Net,* 383 F.Supp.2d at 542.

▮ In the present matter, the Plaintiff alleges only that the Defendant sells products nationally through an interactive website; the Plaintiff does not allege any other connections to New York. The Plaintiff does not claim that the Defendant purposefully solicits New York customers; makes mailings to New York residents; enters contracts in New York; or that its website is in any way targeted towards New York. "While some courts have held that a highly interactive website may give rise to personal jurisdiction where otherwise there would have been none ... in all such cases, unlike here, the plaintiff first established some further contact with the forum state." *Rosenberg v. PK Graphics*, No. 03 Civ. 6655, 2004 WL 1057621, *1, 2004 U.S. Dist. LEXIS 8266, **3–4 (S.D.N.Y. May 10, 2004).

Even the existence of an interactive "patently commercial" website that can be

accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York. *Savage Universal Corp. v. Grazier Constr., Inc.,* No. 04 Civ. 1089, 2004 WL 1824102, *9, 2004 U.S. Dist. LEXIS 16088, at *28 (S.D.N.Y. Aug. 13, 2004). "It stretches the meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred." *Id.* In this case, the Plaintiff fails to demonstrate that the defendant directed its activities to New York. *Hammer v. Trendl,* No. 02 Civ. 2462, 2003 WL 21466686; *5, 2003 U.S. Dist. LEXIS 623, at *14 (E.D.N.Y. Jan. 18, 2003).

Although the Plaintiff does claim that the Defendant had contact with New York because two orders were shipped to New York residents, the orders were placed by Twin's Creative Director and the Plaintiff's counsel's paralegal; therefore, both orders were placed solely for the purpose of this litigation. In fact, notably, both orders were actually placed during the pendency of this action. The original complaint in this matter was filed in April 2003. The Plaintiff admits that Mr. Keenan, then Director of Creative Services for Twin, placed an order in July 2003 and Daniel Almont, a paralegal employed by its present counsel, placed an order in February 2006. Therefore, the Plaintiff appears to rely on personal jurisdiction that did not exist at the time of the filing of the original complaint. Also, Mr. Almont did not place his order until after the time of the filing of the amended complaint. However, "[o]nly pre-litigation contacts are relevant to the jurisdictional question." *Hearst Corp. v. Goldberger,* No. 96 Civ. 3620, 1997 WL 97097, **11–12, 1997 LEXIS 2065, at *37 (S.D.N.Y. Feb. 26, 1997).

Moreover, the Plaintiff's purchase, through Mr. Keenan and Mr. Almont, of a product from the Defendant's website is not sufficient to justify an exercise of personal jurisdiction. *Mattel, Inc. v. Anderson,* No. 04 Civ. 5275, 2005 WL 1690528, *2, 2005 U.S. Dist. LEXIS 14404, at *6–7 (S.D.N.Y. July 18, 2005) (the purchase of a product from an alleged trademark infringer's website is not sufficient to justify an exercise of personal jurisdiction). According to the Second Circuit, "in cases of trade-mark infringement and unfair competition, the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's." *Vanity Fair Mills v. T. Eaton Co.,* 234 F.2d 633, 639 (2d Cir.1956). In the present case, therefore, the Plaintiff's infringement claims are not related to the purchases by Mr. Keenan and Mr. Almont because "[their] purchase[s] ha[ve] nothing to do with Plaintiff's action for infringement since [they] cannot claim to have been confused as to with whom [they] [were] dealing." *Id.* (citing *Millennium Enters., Inc. v. Millennium Music, LP,* 33 F.Supp.2d 907, 911 (D.Or.1999)). As such, the Plaintiff fails to demonstrate that the Defendant "transacts business within the state," because there is no "direct relationship between the cause of action and the in state conduct." *Fort Knox Music,* 203 F.3d at 196.

In addition, the two orders placed by the Plaintiff were "nothing more than an attempt by plaintiff to manufacture a contact with this forum." *Mattel,* 2005 WL 1690528, *2, 2005 U.S. Dist. LEXIS 14404, at *6–7 (citing *Millennium Enters.,* 33

F.Supp.2d at 911). It was "the acts of [ISI] that brought the infringing product into the forum, not [KCC]'s promotion, advertising, or sales activities." Edberg v. Neogen Corp., 17 F.Supp.2d 104, 112 (D.Conn.1998). It is beyond dispute that jurisdiction cannot be manufactured by the Plaintiff. Id; Stewart v. Vista Point Verlag, No. 99 Civ. 4225, 2000 WL 1459839, *4, 2000 U.S. Dist. LEXIS 14236, at *11 (S.D.N.Y. Sept. 29, 2000) (the plaintiff's allegation that the defendant accepted its direct order and indicated that it would be shipped directly to the plaintiff does not confer jurisdiction over the defendant because the contact was initiated by plaintiff).

The Plaintiff admits that the Defendant's only direct contact with New York was a result of the Plaintiff's own initiation of contact. As stated above, the Plaintiff ordered goods during the pendency of this matter in an attempt to manufacture contact with New York. Therefore, the Plaintiff fails to demonstrate that the Court should exercise personal jurisdiction over the Defendant as a result of the Defendant's web site or the Plaintiff's own purchase of products from the web site.

Although the Plaintiff generally claims that "it seems probable that . . . orders were also shipped into the Eastern District of New York," "[w]hatever speculations or hopes plaintiff may have that further connections to New York will come to light in discovery, plaintiff has not provided sufficient facts to establish the jurisdiction that is a prerequisite to any such discovery." Rosenberg, 2004 WL 1057621, *1, 2004 U.S. Dist. LEXIS 8266, at *3 (citing Birmingham Fire Ins. Co. of Pennsylvania v. KOA Fire & Marine Ins., 572 F.Supp. 969, 972 (S.D.N.Y.1983) (jurisdiction cannot be established by mere speculation)).

Accordingly, the Court finds that it may not exercise jurisdiction over the Defen-

dant pursuant to the transacting of business prong of section 302(a)(1).

### 2. As To Section 302(a)(2)

The Plaintiff also asserts that KCC has committed a tort because KCC's website, which contains the allegedly infringing mark, can be accessed by any computer with internet access in New York. In this regard, the Plaintiff alleges that this Court can exercise personal jurisdiction over the Defendant pursuant to CPLR Section 302(a)(2).

■ Section 302(a)(2) authorizes the Courts to exercise personal jurisdiction over a non-domiciliary who "commits a tortious act within the state." N.Y.C.P.L.R. Section 302(a)(2). This provision "reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act." Bensusan Restaurant Corp. v. King, 126 F.3d 25, 28 (2d Cir. 1997) (citing Feathers v. McLucas, 15 N.Y.2d 443, 458, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965)); Telebyte, Inc. v. Kendaco, Inc., 105 F.Supp.2d 131, (E.D.N.Y. 2000).

■ The existence of a website outside New York, even one that offers a product for sale, cannot alone confer jurisdiction over the defendant under CPLR § 302(a)(2). Bensusan, 126 F.3d at 29; Telebyte, 105 F.Supp.2d at 134; Citigroup, 97 F.Supp.2d 549. "Although it is in the very nature of the Internet that the allegedly infringing marks contained in these websites can be viewed anywhere, this does not mean that the infringement occurred everywhere." Citigroup, 97 F.Supp.2d 549. Courts have held that, when websites display infringing marks, the tort is committed where the website is created and/or maintained. See id.; NFL, 2000 WL 335566, 2000 U.S. Dist. LEXIS

3929; *Am. Network, Inc. v. Access America/Connect Atlanta, Inc.*, 975 F.Supp. 494, 497 (S.D.N.Y.1997).

While KCC's website can be accessed anywhere in the world, the Plaintiff does not dispute that KCC's web server is located in the state of Florida. Therefore, any tort arising from KCC's use of the Plaintiff's mark on its website is committed in the state of Florida, not New York. To hold otherwise would create "nationwide (indeed, worldwide) personal jurisdiction over anyone and everyone who establishes an Internet website." *Hearst*, 1997 WL 97097, *1, 1997 LEXIS 2065 at *2.

Accordingly, the Court may not assert personal jurisdiction over the Defendant pursuant to Section 302(a)(2).

### B. Due Process Considerations

Because the relevant statutes of New York provide no grounds for jurisdiction over the Defendant, the Court need not proceed to a consideration of the Defendant's Due Process rights. However, the Court notes that "absent allegations that the defendant had actively sought to encourage New Yorkers to access [its] site, or that [it] conducted business in New York, defendant had insufficient contacts with the forum to satisfy due process." *K.C.P.L., Inc.*, 1998 WL 823657, 1998 U.S. Dist. LEXIS 18464.

### II. VENUE

Because the Court lacks personal jurisdiction over the Defendant, the Court need not consider the Defendant's motion to dismiss as it pertains to improper venue. Accordingly, the Defendant's motion to transfer or change venue is denied.

### III. N.Y. BUS. CORP. LAW SECTION 1312

Because the Court lacks personal jurisdiction over the Defendant, the Court need not consider the Defendant's motion to dismiss as it pertains to N.Y. Bus. Corp. Law Section 1312. Accordingly, the Defendant's motion to dismiss pursuant to this statute is denied.

### CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Defendant's motion to dismiss this action for lack of personal jurisdiction is **GRANTED**; and it is further

**ORDERED**, that the Defendant's motion to dismiss for improper venue or alternatively to transfer venue is **DENIED**; and it is further

**ORDERED**, that the Defendant's motion to dismiss pursuant to N.Y. Bus. Corp. Law Section 1312 is **DENIED**; and it is further

**ORDERED** that the Clerk is directed to close this case.

**SO ORDERED.**