**A.W.L.I. GROUP, INC., Plaintiff,**

v.

**AMBER FREIGHT SHIPPING LINES, Defendant.**

No. 10–cv–5464 (ADS)(ARL).

United States District Court, E.D. New York.

Dec. 9, 2011.

Kaplan Gilman & Pergament LLP, by Michael Robert Gilman, Esq., of Counsel, Woodbridge, NJ, for Plaintiff.

Natiss & Gordon, P.C., by Shalom A. Schwartz, Esq., of Counsel, Roslyn Heights, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The Plaintiff in this case, A.W.L.I. Group, Inc. ("AWLI" or "the Plaintiff") filed a complaint against the Defendant, Amber Freight Shipping Lines ("AFSL" or "the Defendant") for alleged trademark infringement, false designation of origin, dilution, unfair competition and deceptive trade practices.

For the reasons set forth below, the Court grants the Defendant's motion to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and denies the Plaintiff's request for jurisdictional discovery.

## I. BACKGROUND

The Plaintiff AWLI is a domestic business corporation organized and existing under the laws of the State of New York, with an office and principal place of business in Jamaica, Queens, New York. The Defendant AFSL is a company organized and existing under the laws of the State of California, with its office and principal place of business in Los Angeles, California. Both companies appear to participate in what this Court categorizes as the

"freight transport" industry. Specifically, the companies provide for freight transportation by sea, air, and all other available means, as well as storage, packing and distribution services.

AWLI states that it has continuously used the service marks AMBER, AMBER WORLDWIDE, and AMBER FREIGHT for its freight transport services, and that it has registered these marks with the U.S. Patent and Trademark Office ("PTO"). The Plaintiff alleges that the Defendant AFSL offers its identical services under the name AMBER FREIGHT to the same customers as the Plaintiff in identical geographic areas. Thus, the Plaintiff contends that the Defendant's alleged trademark infringement will cause a likelihood of consumer and trade confusion and deception with AWLI's use of its family of AMBER marks. The Plaintiff's main contentions center on the operation of the Defendant's website: *www.amberfrieght. com.*

The Plaintiff states in its complaint that "Upon information and belief, Defendant transacts business within this district, derives substantial revenue from intra-state and interstate commerce and has committed tortious acts within this district and also without this district having injurious consequences within this district ..." (Complt. at ¶ 6.) However, the only known connection by the Defendant with New York state cited by the Plaintiff is that on the Defendant's website, it expressly stated that the Defendant "currently handles all points of USA and Canada to and from all worldwide cities," which the Plaintiff contends includes New York State.

The Defendant's business has never had any officers or employees working or residing in New York. It has also never leased or owned any retail space, warehouse space, or other type of property in New York. AFSL has never had any bank accounts in New York and has never designated a representative to accept service of process on behalf of the company in New York. The Defendant does operate the website *www.amberfreight.com*, but the website was not created and is not maintained on any computer equipment in New York State. The Defendant also alleges it derives no business from its website. Finally, in this regard, the Defendant claims it has no customers in New York State.

## II. DISCUSSION

### A. Legal Standard for Determining Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) ("Fed.R.Civ.P. 12(b)(2)") permits a defendant to challenge a court's personal jurisdiction over it prior to the filing of an answer or the commencement of discovery. A plaintiff bears the burden of demonstrating personal jurisdiction over the persons or entities against whom he seeks to bring suit. *Penguin Grp. (USA), Inc. v. Am. Buddha,* 609 F.3d 30, 34 (2d Cir. 2010); *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir.2001). In deciding a motion to dismiss for lack of personal jurisdiction, the Court may rely on materials that are outside the pleadings, including any affidavits submitted by the parties. *DiStefano v. Carozzi N. Am.,* 286 F.3d 81, 84 (2d Cir.2001). However, where, as here, the Court "relies on the pleadings and affidavits, and chooses not to conduct a 'full-blown evidentiary hearing,' plaintiffs need only make a *prima facie* showing of personal jurisdiction over the defendant." *Penguin,* 609 F.3d at 34–35; *Porina v. Marward Shipping Co., Ltd.,* 521 F.3d 122, 126 (2d Cir.2008). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Pen-*

*guin*, 609 F.3d at 35 (internal quotations marks and alterations omitted). Furthermore, materials presented by the plaintiff should be construed in the light most favorable to the plaintiff and all doubts resolved in its favor. *See A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir.1993).

■ "In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules 'if the federal statute does not specifically provide for national service of process.'" *PDK Labs v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir.1997) (citing *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir.1990)). The Lanham Act does not provide for nationwide service of process; therefore, "this Court must look to New York's jurisdictional statutes to determine personal jurisdiction." *Greenlight Capital, Inc. v. GreenLight (Switz.) S.A.*, No. 04 Civ. 3136, 2005 WL 13682, *2, 2005 U.S. Dist. LEXIS 2 (S.D.N.Y. Jan. 4, 2005) (citing *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir.2004)).

■ Accordingly, in analyzing a Fed. R.Civ.P. 12(b)(2) motion, courts in New York follow a two-step process. First, a court will determine whether personal jurisdiction lies pursuant to New York's long-arm statute, CPLR §§ 301 and 302(a). *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. BP Amoco P.L.C.*, 319 F.Supp.2d 352, 357 (S.D.N.Y.2004) (citing *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 105, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)). Second, a court must analyze whether personal jurisdiction comports with the basic requirements of due process. *Id.* Pursuant to the New York long-arm statute, there are two ways that a New York court can exercise personal jurisdiction over a non-resident defendant: general jurisdiction pursuant to N.Y. CPLR § 301 ("Section 301") or specific jurisdiction pursuant to N.Y. CPLR § 302 ("Section 302").

**B. Whether the Court has General Jurisdiction over the Defendant Pursuant to CPLR § 301**

■■ CPLR § 301 provides for jurisdiction over a defendant that is "engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in the state." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir.1998) (internal quotation marks and citation omitted). "[A] corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir.2000) (internal citation and quotation marks omitted). In determining whether a defendant is subject to general jurisdiction, New York courts look to a number of factors including: (1) "the existence of an office in New York"; (2) "the solicitation of business in the state"; (3) "the presence of bank accounts and other property in the state"; and (4) "the presence of employees of the foreign defendant in the state." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir.1985).

■ The Defendant asserts that it does not maintain an office in New York; does not conduct solicitations of business targeting New York consumers; does not maintain any bank accounts or other property in New York; and does not have any employees or agents in New York, or have an on-going contractual relationship with a New York corporation. In the complaint, the Plaintiff does not allege facts to the

contrary and in fact make no arguments with regard to Section 301 in its opposition. Accordingly, the Court finds that the Defendant is not subject to general jurisdiction in New York because there is no indication that AFSL is engaged in a continuous or systematic course of doing business in this state.

## C. Whether the Court Has Specific Jurisdiction Pursuant to CPLR § 302

Section 302 of New York's long-arm statute provides that:

(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

N.Y. CPLR § 302(a) (McKinney 2010).

Although the Plaintiff does not specify **any** jurisdictional theory in the complaint, in its opposition to the instant motion, the Plaintiff claims that the Defendant is subject to the personal jurisdiction of this Court pursuant to CPLR Sections 302(a)(1); 302(a)(2); 302(a)(3); and 302(a)(4). The Court will examine each of these jurisdictional theories in turn.

### 1. As to Specific Jurisdiction Pursuant to CPLR § 302(a)(1)

 "To establish personal jurisdiction under Section 302(a)(1), two requirements must be met: (1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt. LLC*, 450 F.3d 100, 103 (2d Cir. 2006). "[A] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir.2007) (internal quotation marks and citation omitted). When considering whether a defendant "transacted business," New York courts rely on the constitutional standard set forth by the Supreme Court: "whether the defendant's conduct constitutes 'purposeful[ ] avail[ment]' 'of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* at 246–47 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)) (alterations in original).

 In contrast to "doing business," "transacting business requires only a minimal quantity of activity, provided

that it is of the right nature and quality." *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir.1996). A single transaction may suffice for personal jurisdiction under § 302(a)(1), and physical presence by the defendant in the forum state during the activity is not necessary. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir.1999); *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 21 A.D.3d 90, 93–94, 797 N.Y.S.2d 439, 442 (1st Dep't 2005) (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 522 N.E.2d 40 (1988)) (stating that Section 302(a)(1) " 'is a single act statute and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York' as long as the requisite purposeful activities and the connection between the activities and the transaction are shown."). A finding of personal jurisdiction must be based upon the totality of the circumstances. *Agency Rent A Car*, 98 F.3d at 29.

■■■ "Although Section 302(a)(1) is typically invoked in breach of contract cases . . . it applies as well to actions in tort when supported by a sufficient showing of facts." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir.2004) (internal citations omitted). The Second Circuit has found that a Lanham Act claim "sounds in tort." *Id.* (citing *PPX Enter., Inc. v. Audiofidelity, Inc.*, 746 F.2d 120, 124–25 (2d Cir.1984) (Section 43(a) of the Lanham Act "created a new statutory tort")).

The Plaintiff contends that this Court has specific jurisdiction over the Defendant pursuant to section 302(a)(1) because the Defendant's website states that it "currently handles all points of USA." The Plaintiff does not explicitly assert that the Defendant transacted business through the operation of its website. In fact, the Plaintiff criticizes the Defendant for unreasonably focusing on whether or not the Defendant's website itself provides jurisdiction. (*See* Pl. Opp. at 11) ("Plaintiff submits that focusing on whether defendant's website itself does or does not confer personal jurisdiction is tangential to the aforementioned point of considering defendant's admissions posted on its website."). Nevertheless, the Court will address both the alleged online "admission" and the actual operation of the website under Section 302(a)(1).

a. **Whether the Defendant's Online Statement Means it "Transacted Business" in New York State**

The Plaintiff asserts that the Court has personal jurisdiction over the Defendant under Section 302(a)(1) because there was a representation on the Defendant's website that it "currently handles all points of USA" and that this admission logically includes New York State so that the Defendant "should not now be allowed to wiggle out from this admission which presumably assisted defendant in gaining business." (Pl. Opp. at 10.) Essentially, the Plaintiff claims that this statement made by the Defendant is an admission that AFSL transacted business within New York and thus personal jurisdiction is warranted.

■■■ However, the general and broad statement that the Defendant "currently handles all points of USA", which was clearly made for the sole purpose of advertising via its website, is insufficient to confer personal jurisdiction.

First, to the extent that the Plaintiff construes this statement as an admission **to** transacting business in New York, the Court disagrees. This statement is more akin to sales puffery and is so broad in its language that it cannot be deemed as an admission of any actual business activity in

New York State. In fact, the Defendant has submitted an affidavit from the owner of AFSL expressly stating that (1) it has not sold its services to any New York customers; (2) it has no customers in New York; and (3) it has derived no revenue from the state. (Moon Aff. at ¶ 13.)

Second, to the extent that the Plaintiff construes this statement as advertising that is specifically targeted to consumers in New York in an attempt to transact business there, the Court also disagrees with this contention. The Court does not deem this language as specifically targeting New York in any fashion. The Plaintiff inexplicably contends that it has established a prima facie case of personal jurisdiction based solely on the Defendant's statement on its website that it *can* transact business at all points in the U.S. This argument reflects a misunderstanding of the applicable standard. The fact that this statement on the website equally targets New York consumers and all other consumers throughout the world means, by definition, that they are not directly soliciting New Yorkers.

Moreover, online advertising, even if directed at New York residents, is not sufficient to support the exercise of personal jurisdiction over a defendant when it is not "supplemented by business transactions occurring in the state ... or ... accompanied by a fair measure of the defendant's permanence and continuity in New York which establishes a New York presence." *Virgin Enters. v. Virgin Eyes LLC,* No. 08 Civ. 8564, 2009 WL 3241529, *4 (S.D.N.Y. Sept. 30, 2009). Even if the Defendant was utilizing this statement to specifically target New York customers, the Plaintiff does not allege any other facts from which the Court can infer that the Defendant purposefully availed itself of the privilege of conducting business in New York.

Therefore, the website "does not establish that, for purposes of section 302(a)(1), [that the Defendants] *purposefully* availed [themselves] of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws." *Best Van Lines, Inc.,* 490 F.3d at 253–54 (alterations and internal quotation marks omitted) (emphasis in original). In sum, this statement is merely an advertisement targeted at consumers equally nationwide and thus does not confer any personal jurisdiction.

The cases cited by the Plaintiff in its opposition support this conclusion. For example, in *RVDirect.com v. Worldwide RV,* No. 10 Civ. 701, 2010 WL 5391535, 2010 U.S. Dist. LEXIS 135567 (N.D.N.Y. Dec. 21, 2010), the Plaintiffs asserted that jurisdiction was proper because the Defendant's website was "national in scope and invites internet traffic from all 50 states, including New York," and advertised "as a company which has completed thousands of internet sales from buyers all over the world." The Northern District of New York found that this claim was insufficient to establish jurisdiction, and this Court reaches the same conclusion in the present case.

The statement that AFSL "currently handles all points of USA" can only be reasonably construed as an advertisement, espousing the company's broad geographic capabilities to provide certain services. *See Muse v. Vagabond Inn Hotel,* No. 01 Civ. 106, 2002 WL 15803, at *1, 2002 U.S. Dist. LEXIS 132, at *3–*4 (E.D.N.Y. Jan. 7, 2002) (" 'Generally, however, ... the mere solicitation or promotion of business in New York by an out-of-State company does not amount to the minimum contacts required to constitute doing business.' ") (*quoting Carbone v. Fort Erie Jockey Club, Ltd.,* 47 A.D.2d 337, 339, 366 N.Y.S.2d 485, 487 (4th Dep't 1975) (addi-

tional citations omitted)); *Holness v. Maritime Overseas Corp.*, 251 A.D.2d 220, 222, 676 N.Y.S.2d 540, 543 (1st Dep't, 1998) (rejecting personal jurisdiction over corporation, noting that, "[i]n general, New York has no jurisdiction over a foreign company whose only contacts with New York are advertising and marketing activities plus representatives' occasional visits to New York"); *see also VP Intellectual Properties v. IMTEC Corp.*, 53 U.S.P.Q.2d 1269, 1272 (D.N.J.1999) (finding that a website advertisement did not constitute an "offer to sell" in that state where no specific pricing information was included).

Thus, this statement, namely that the Defendant "currently handles all points of USA", does not provide a basis for the Court to assert personal jurisdiction over the Defendant. Nor does this statement demonstrate the possible existence of jurisdictional facts that would support a "sufficient start" in showing that jurisdiction could exist. *SNS Bank v. Citibank*, 7 A.D.3d 352, 354, 777 N.Y.S.2d 62 (1st Dep't 2004).

Finally, the Plaintiff makes much of the Defendant's representation that it "does not *regularly* conduct business in New York State" (Def. Mem. at ¶¶ 2–5), so that it may actually use New York as at least a shipping port, and that it does not explicitly deny the existence of any agents transacting business on its behalf in New York State. However, the Defendant has submitted a Reply Affidavit of AFSL's owner Moon Han, which specifically attests to the fact that the Defendant has never shipped to or through the State of New York and that the Defendant has no agents in the State of New York. In light of this affidavit, the argument of the Plaintiff that facts "may exist but cannot yet be stated," ultimately fails.

### b. Whether the Defendant "Transacted Business" Through Its Website

Although the Plaintiff does not oppose the Defendant's assertion that it did not transact business within New York through its website, the Court nevertheless considers whether the Defendant's creation and maintenance of the www.amberfreight.com website amounts to a transaction of business in New York that would support personal jurisdiction pursuant to Section 302(a)(1).

A corporation that "makes sales to customers in a distant state" via a website can become "subject to the jurisdiction of that state's courts." *NFL v. Miller*, No. 99 Civ. 11846, 2000 WL 335566, *1, 2000 U.S. Dist. LEXIS 3929, at *2 (S.D.N.Y. Mar. 30, 2000). However, "[w]ith the advent of the internet, the courts have been confronted with a new set of challenges ... The guiding principle which has emerged from the case law is that whether the exercise of personal jurisdiction is permissible is 'directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet.'" *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 565 (S.D.N.Y.2000) (citing *K.C.P.L., Inc. v. Nash*, No. 98 Civ. 3773, 1998 WL 823657, at *5 (S.D.N.Y.1998) (internal citations omitted)). Therefore, in order to determine whether a website constitutes "transacting business" for purposes of personal jurisdiction, courts must look to the level of interactivity and commercial nature of the exchange of information that occurs on a website. *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir.2010).

The Second Circuit has noted that "a website's interactivity may be useful for analyzing personal jurisdiction under section 302(a)(1), but only insofar as it helps

to decide whether the defendant 'transacts any business' in New York—that is, whether the defendant, through the website, 'purposefully avail[ed] himself of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws.'" *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 252 (2d Cir. 2007) (citing *CutCo Indus. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986)).

▇▇▇▇ With respect to the level of interactivity, a website is considered "interactive" if it permits the exchange of information between viewers and a defendant and "depending on the level and nature of the exchange may be a basis for jurisdiction." *Citigroup Inc. v. City Holding Co.,* 97 F.Supp.2d 549, 565 (S.D.N.Y. 2000). On the opposite end of the spectrum are passive websites "that do[ ] little more than make information available to those who are interested in it". *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1121 (W.D.Pa.1997). A passive website "alone would not provide a basis for the assertion of personal jurisdiction over [its owner]". *Grimaldi v. Guinn,* 72 A.D.3d 37, 50, 895 N.Y.S.2d 156, 166–67 (2d Dep't 2010). However, "passive Web sites, when combined with other business activity, may provide a reasonable basis for the assertion of personal jurisdiction." *Id.,* 72 A.D.3d at 49, 895 N.Y.S.2d at 165.

Generally, a website that only provides information about services for sale and contact information for the seller, without any ability to directly purchase the services through the website, is considered "passive" and therefore "insufficient to demonstrate that the website operator has purposefully availed itself of the privilege of conducting activities within New York." *Zibiz Corp. v. FCN Tech. Solutions,* 777 F.Supp.2d 408, 423 (E.D.N.Y.2011); *ISI Brands, Inc. v. KCC Int'l, Inc.,* 458 F.Supp.2d 81, 86 (E.D.N.Y.2006) (Spatt, J.)

("Internet websites that are not of a commercial nature and do not permit the purchase of products on-line are not sufficient to confer personal jurisdiction pursuant to section 302(a)(1)."); *Aqua Prods., Inc. v. Smartpool, Inc.,* No. 04–CV–5492, 2005 WL 1994013, at *5 (S.D.N.Y. Aug. 18, 2005) ("Passive websites which primarily make information available to viewers, but do not permit an exchange of information, fail to justify the exercise specific jurisdiction over a non-domiciliary."); *Rescuecom Corp. v. Hyams,* 477 F.Supp.2d 522, 529–30 (N.D.N.Y.2006) (determining that the website did not confer personal jurisdiction because it was not of a commercial nature and it did not offer products for sale); *Molozanov v. Quantum Telecomms. Ltd.,* No. 05 Civ. 5270, 2006 WL 897206, *5 n. 11, 2006 U.S. Dist. LEXIS 16788, at *19 n. 11 (S.D.N.Y. Apr. 6, 2006) ("Although in some instances a defendant's contacts with New York via the internet can provide a basis for jurisdiction under CPLR § 302(a)(1) ... this would not hold true here, as this case involves at most the publishing of a statement on a passive website"); *Knight–McConnell v. Cummins,* No. 03 Civ. 5035, 2005 WL 1398590, at *3, 2005 U.S. Dist. LEXIS 11577 at *10 (S.D.N.Y. June 13, 2005) (finding no transaction of business in New York based on online postings of statements about a New York resident on an out-of-state website).

▇▇▇ In the present case, the Plaintiff does not allege that the Defendant transacts services, namely, freight transport, through its website. Nor does the Plaintiff allege that customers can download or fill out forms associated with the purchase of freight services through the website or engage in negotiations through an online platform. The Plaintiff also does not claim that the Defendant purposefully solicits New York customers; makes mailings to New York residents; enters contracts in

New York; or that its website is in any way targeted towards New York. Thus, the Court finds that the Defendant's website is passive and therefore insufficient to establish a *prima facie* case of jurisdiction.

■ The Court recognizes that the Defendant's website may be considered "interactive" and therefore constitute "transacting business" because a potential consumer can click on a link on a website that permits them to directly email the Defendant. The Defendant's website does have this capability. However, a website is still considered passive and insufficient to confer jurisdiction where, as here, the only purported "exchange of information" available on the website is a direct link allowing a user to contact the seller and does not allow for any part of a transaction to occur online. *See Stephan v. Babysport, LLC,* 499 F.Supp.2d 279, 288 (E.D.N.Y.2007) (holding that the defendant's website was passive where customers could not complete a contract for sale but rather included a link to another website where the product could be purchased and therefore did not "support a finding of the transaction of business sufficient to support the exercise of personal jurisdiction" because the website did "little more than make information available to those who are interested in the product") (internal quotation marks omitted); *Yanouskiy v. Eldorado Logistices Sys., Inc.,* No. 05–CV–2202, 2006 WL 3050871, at *3 (E.D.N.Y. Oct. 20, 2006) ("Specifically, the website contains a contact information page where viewers may leave their e-mail address and a short message, both of which will presumably be transmitted to [the defendant] after the viewer clicks 'submit query.' However, the mere ability to contact defendant, standing alone, establishes nothing for purposes of this Court's general jurisdiction analysis."); *see also Arouh v. Budget Leasing, Inc.,* 63

A.D.3d 506, 506, 883 N.Y.S.2d 4, 5 (1st Dep't 2009) ("Defendant's website, which described available cars and featured a link for email contact but did not permit a customer to purchase a car, was not a projection of defendant into the State".).

Finally, the fact that New Yorkers could view the website and therefore potentially transact business is not sufficient. It is undisputed that this website was also viewable by anyone throughout the world. *Hsin Ten Enter. USA, Inc.,* 138 F.Supp.2d at 456 ("[T]he Second Circuit has made clear that personal jurisdiction over a defendant is not appropriate simply because the defendant maintains a website which residents of New York may visit."). "Were it otherwise, every entity or individual that ran a highly interactive website from anywhere in the world could be sued for any reason in New York." *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000,* 230 F.Supp.2d 376, 383 (2002). Thus, the website is more "akin to advertisement[s] in a nationally-available magazine or newspaper, and does not without more justify the exercise of jurisdiction over [the Defendant]." *See Citigroup Inc.,* 97 F.Supp.2d at 565.

■ The existence of a website that can be accessed by New York residents is particularly insufficient to justify the exercise of personal jurisdiction where there is absolutely no degree of commercial activity that actually occurred. *Savage Universal Corp. v. Grazier Constr., Inc.,* No. 04 Civ. 1089, 2004 WL 1824102, *9, 2004 U.S. Dist. LEXIS 16088, at *28 (S.D.N.Y. Aug. 13, 2004) ("Although the Grazier Websites ... *could have* been viewed by New York residents, without some allegation that such commercial activity actually occurred in New York it is unclear whether plaintiff can meet its burden to establish a prima facie case of "transacting business" under CPLR § 302(a)(1)."). "It stretches the

meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred." *Id.*

In this case, the Plaintiff fails to demonstrate that the Defendant directed its activities to New York. The Defendant is not alleged to have sold goods or services in New York through its website, and the Plaintiff has not alleged any facts from which it could be rationally inferred that the Defendant is soliciting New York residents to use its freight services via its website. *See Hammer v. Trendl*, No. 02 Civ. 2462, 2003 WL 21466686, *5, 2003 U.S. Dist. LEXIS 623, at *14 (E.D.N.Y. Jan. 18, 2003) ("Simply posting book reviews on a website that can be read by New York Internet users does not demonstrate the type of purposeful activity in New York sufficient to support the exercise of personal jurisdiction.").

In sum, the Plaintiff has not set forth a *prima facie* case of personal jurisdiction pursuant to Section 302(a)(1).

### 2. As to Specific Jurisdiction Pursuant to CPLR § 302(a)(2)

■ Section 302(a)(2) authorizes the Court to exercise personal jurisdiction over a non-domiciliary who "commits a tortious act *within* the state." N.Y.C.P.L.R. Section 302(a)(2) (emphasis added). This provision "reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act." *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28 (2d Cir.1997) (citing *Feathers v. McLucas*, 15 N.Y.2d 443, 458, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965)); *Telebyte, Inc. v.*

*Kendaco, Inc.*, 105 F.Supp.2d 131, 134 (E.D.N.Y.2000).

The Defendant asserts that there can be no long-arm jurisdiction under Section 302(a)(2) because the complaint does not sufficiently allege that the Defendant has committed or is responsible for, tortious acts of unfair competition, cybersquatting, or trademark infringement within New York State. On the other hand, the Plaintiff contends that the statement on the Defendant's website, as set forth above, and the possible existence of agents transacting business on its behalf in New York State, leads to the inference that there is discoverable information that may be used to show the existence of personal jurisdiction under Section 302(a)(2).

As an initial matter, the Defendant has replied with an affidavit stating that the Defendant AFSL has no agents in the State of New York. (Moon Reply Aff. ¶ 3.) Moreover, for the same reasons set forth above, the statement on the Defendant's website is not a sufficient basis to allege that there was a tortious act committed within the state.

Although the Plaintiff does not clearly assert this theory, a plausible argument exists that the Defendant has nevertheless committed a tort in New York because AFSL's website, which contains the allegedly infringing mark, can be accessed by any computer with internet access in New York. In this regard, it could be argued that the Court can exercise personal jurisdiction over the Defendant pursuant to CPLR Section 302(a)(2).

■ However, the existence of a website outside New York, even one with an allegedly infringing mark, cannot alone confer jurisdiction over a defendant under CPLR § 302(a)(2). *Bensusan*, 126 F.3d at 29; *Telebyte*, 105 F.Supp.2d at 134; *Citigroup*, 97 F.Supp.2d 549. "Although it is in the very nature of the Internet that the

allegedly infringing marks contained in these websites can be viewed anywhere, this does not mean that the infringement occurred everywhere." *Citigroup*, 97 F.Supp.2d 549. Courts have held that, when websites display infringing marks, the tort is committed where the website is created and/or maintained. *See id.*; *NFL*, 2000 WL 335566, 2000 U.S. Dist. LEXIS 3929; *Am. Network, Inc. v. Access America/Connect Atlanta, Inc.*, 975 F.Supp. 494, 497 (S.D.N.Y.1997). While AFSL's website can be accessed anywhere in the world, the Plaintiff does not dispute that AFSL's web server is located in the state of California. Therefore, any tort arising from AFSL's use of the Plaintiff's mark on its website is committed in the state of California, not New York. To hold otherwise would create "nationwide (indeed, worldwide) personal jurisdiction over anyone and everyone who establishes an Internet website." *Hearst Corp. v. Goldberger*, 1997 WL 97097, *1, 1997 LEXIS 2065 at *2 (S.D.N.Y. Feb. 26, 1997).

Accordingly, the Court may not assert personal jurisdiction over the Defendant pursuant to Section 302(a)(2).

### 3. Whether the Court has Specific Jurisdiction Over the Defendants Pursuant to CPLR § 302(a)(3)

Alternatively, the Plaintiff attempts to establish a prima facie case for personal jurisdiction under CPLR § 302(a)(3). This statute states that a defendant is subject to jurisdiction when the defendant:

"commits a tortious act without the state causing injury to person or property within the state ... if he:

(i) regularly does or solicits business, or engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or,

(ii) expects or reasonably should expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce ..."

In order to establish jurisdiction over the Defendant under this section, AWLI must establish harm within New York State caused by AFSL's tortious conduct and then satisfy the requirements set forth either in subsection (i) or in subsection (ii).

The Plaintiff avers that "it is undisputed that defendant is a business located and acting 'without the state' of New York." The Plaintiff then goes on to argue that jurisdiction pursuant to section 302(a)(3) is appropriate because the statement on the Defendant's website means that it can transact business in New York and thereby cause injury to the Plaintiff's mark. The Plaintiff also alleges that the Defendant may ship into New York ports, which has since been negated by the Defendant's reply affidavit. Finally, the Plaintiff asserts that jurisdictional discovery will evidence the extent and scope of the Defendant's business transactions in New York State.

### a. As to Whether AFSL Caused Injury Within New York

The Plaintiff in this case has met the first requirement of 302(a)(3)—the Plaintiff has sufficiently alleged that the Defendant has committed the tortious conduct of trademark infringement and the injury from the alleged act has occurred in New York.

For a *prima facie* showing of jurisdiction under Section 302(a)(3), the Plaintiff must allege anticipated in-state economic injury from an out-of-state tort. *Sybron Corp. v. Wetzel*, 46 N.Y.2d 197, 413 N.Y.S.2d 127, 385 N.E.2d 1055, 1058 (N.Y. 1978). The Lanham Act imposes liability on any person who "use[s] in commerce a reproduction, counterfeit, copy, or color-

able imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services." 15 U.S.C. § 1114(1)(a). Therefore, for purposes of determining jurisdiction under § 302(a)(3), the alleged injury stemming from infringement of a trademark "in the form of damage to goodwill, lost sales, or lost customers" will occur where the trademark owner resides and conducts business because this is where the "first effects of trademark infringement or dilution are typically felt." *Savage Universal Corp. v. Grazier Constr., Inc.*, No. 04 Civ. 1089, 2004 WL 1824102, at *9, 2004 U.S. Dist. LEXIS 16088, at *30 (S.D.N.Y. Aug. 13, 2004).

■ Thus, according to the Second Circuit, "in cases of trade-mark infringement and unfair competition, the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's." *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir.1956).

■ The Plaintiff alleges that the Defendant's sale of its services under the AMBER mark infringes the Plaintiff's trademarks, threatens the distinctive quality of the Plaintiff's trademark, and confuses the Plaintiff's customers. The Plaintiff's allegations can amount to a tortious act resulting in an injury in New York state because it, the trademark owner, resides and conducts business here. "[I]n cases of injury caused by infringement of intellectual property, the intellectual property owner suffers injury where the infringement occurs." *See Tri–Coastal Design Group, Inc. v. Merestone Merch., Inc.*, No. 05 Civ. 10633, 2006 WL 1167864, at *4 (S.D.N.Y. May 3, 2006). However,

this can only be the case if the Plaintiff has established actual infringing sales in New York, which it has not sufficiently alleged. *See Art Leather Mfg. Co., Inc. v. Albumx Corp.*, 888 F.Supp. 565, 568 (S.D.N.Y.1995) ("A patent holder suffers economic loss at the place where an infringing sale is made because the holder loses business there.").

■ However, there is nevertheless an injury within this state because New York residents can view the website with the allegedly infringing mark, and this itself can provide a sufficient injury. Courts have found a direct relationship between the website and the underlying claim, and thus grounds for asserting personal jurisdiction over the defendant, where the infringing mark was visible on the website or the infringing products were advertised on the website. *See, e.g., Hsin Ten Enter. USA, Inc.*, 138 F.Supp.2d at 456 (personal jurisdiction was warranted in a patent infringement case where the claim arose from the defendant's use and sale of the offending product, which was caused "at least in part, by the Websites and the presence of representatives and affiliates in New York" and arose from the defendant's use of the offending trademark on its website); *Starmedia Network, Inc. v. Star Media, Inc.*, No. 00 Civ. 4647, 2001 WL 417118, at *2 (S.D.N.Y. Apr. 23, 2001); *Energy Brands, Inc. v. Spiritual Brands, Inc.*, 571 F.Supp.2d 458, 470–71 (S.D.N.Y. 2008) ("Glacéau also persuasively argues that its actual or potential New York customers were confused or deceived merely by viewing images of Spiritual Water products on defendants' website. This lends further support to a finding of injury within the state.").

**b. As to the Regular Solicitation of Business in New York**

■ The Defendant contends that the Plaintiff's Complaint does not sufficiently

allege that the Defendant regularly conducts business in New York through its website. While the Plaintiff asserts that this "is a legal conclusion that can only be determined after jurisdictional discovery" (Pl. Opp. at 15), this is not so when the Defendant has explicitly denied that it has even a single customer in New York State. It may be argued that CPLR § 302(a)(3)(i) is satisfied due to the constant presence of the Defendant's website, which allows a user to easily order the Defendant's services. However, as discussed earlier, the mere existence of a web site accessible from New York is insufficient to establish "solicitation" for purposes of personal jurisdiction. *Bensusan*, 126 F.3d at 29. AWLI offers no evidence that AFSL consistently does business within the State of New York. In fact, AWLI has not alleged that AFSL has done *any* business in New York. There is also no evidence that AFSL derives any revenue from the state. Therefore, the court cannot assert jurisdiction under CPLR § 302(a)(3)(i).

### c. As to the Expectation of Consequences

CPLR § 302(a)(3)(ii) requires that a defendant, in addition to causing injury within the state, expected or reasonably should have expected its allegedly tortious actions to have consequences in New York. N.Y. CPLR § 302(a)(3)(ii).

■ The relevant test for analyzing this "foreseeability" requirement "is an objective rather than subjective one" and is intended to avoid conflicts with due process limits on the exercise of jurisdiction. *Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir.1999) (citation and quotations omitted). The Second Circuit requires "a discernible effort [by the defendant] to directly or indirectly serve the New York market", and has held that "the simple likelihood or foreseeability that a

defendant's product will find its way into New York" does not satisfy this requirement. *Id.* (citations and quotations omitted).

For all of the reasons set forth above, the Court finds that the Defendant did not expect or reasonably expect that it's allegedly tortious actions would have consequences in New York State. To meet this requirement, the Defendant must have purposely availed itself of the benefits of the laws of New York such that it may reasonably anticipated being haled into New York court. However, the Plaintiff's allegation that the Defendant has sold its services in New York has been refuted by the Defendant's affidavit. The Plaintiff's reliance on the vague statement which appeared on the Defendant's website is insufficient to meet the Plaintiff's burden.

■ Moreover, the fact that the website can be viewed in New York, standing alone, does not mean that the Defendant reasonably expected that its allegedly tortious actions would have consequences in New York State. Therefore, this fact is similarly insufficient to make a *prima facie* showing of personal jurisdiction. *Cf. Am. Network, Inc. v. Access America/Connect Atlanta, Inc.*, 975 F.Supp. 494, 498 (S.D.N.Y.1997) (finding that it was reasonably foreseeable to the defendant that publishing the offending mark on its website would have New York consequences but only because there were "tangible manifestations that the defendant was attempting to reach a New York market," such as a statement that it would help customers "across the U.S." and the fact that it had signed up six New York subscribers); *Cf. Hsin Ten Enter. USA, Inc.*, 138 F.Supp.2d 449, 456 (S.D.N.Y.2000) (holding that personal jurisdiction was warranted where the claim arose from the defendant's use and sale of the offending product, which was caused "at least in part" by the Defen-

dant's use of the offending trademark on its website but also because of the presence of representatives and affiliates in New York).

Because the Court finds that this requirement was not adequately pled, the Court need not address whether the Defendant derives substantial revenue from interstate or international commerce.

Accordingly, Defendant is not amenable to personal jurisdiction in New York pursuant to N.Y.C.P.L.R. § 302(a)(3)(ii).

### 4. Whether the Court has Specific Jurisdiction Over the Defendants Pursuant to CPLR § 302(a)(4)

Finally, the Plaintiff asserts that jurisdiction is warranted under Section 302(a)(4), for the use of "any real property situated within the state." In particular, the Plaintiff points to the possibility that the Defendant or its agents may have used New York ports and that this would establish personal jurisdiction under § 302(a)(4). However, the Defendant's reply affidavit specifically denies that AFSL has ever shipped to or through the State of New York. As the Plaintiff cannot identify any other relevant property or allege any connection between property in New York State and the claimed injury, this section does not provide this Court with a basis for personal jurisdiction over AFSL.

### D. Due Process Considerations

Because the relevant statutes of New York provide no grounds for jurisdiction over the Defendant, the Court need not proceed to a consideration of the Defendant's Due Process rights.

However, the Court notes that it is likely that the Defendant here had insufficient contacts with the forum to satisfy due process. Most courts have found that the maintenance of a web site alone, without more, does not rise to the level of purpose-ful availment of New York's laws. *K.C.P.L., Inc. v. Nash*, No. 98 Civ. 3773, 1998 WL 823657, at *2, 1998 U.S. Dist. LEXIS 18464, at *5 (S.D.N.Y.1998). "[A]bsent allegations that the defendant had actively sought to encourage New Yorkers to access [its] site, or that [it] conducted business in New York, defendant had insufficient contacts with the forum to satisfy due process." *Id.*; *see Bensusan Rest. Corp. v. King*, 937 F.Supp. 295, 301 (S.D.N.Y.1996) ("Creating a site, like placing a product into the stream of commerce, may be felt nationwide—or even worldwide—but, without more, it is not an act purposefully directed toward the forum state."). The Plaintiff's opposition to the Motion to Dismiss does not cure these defects in the Complaint. In it, the Plaintiff largely confines itself to arguing that jurisdictional discovery would reveal all the information it needs.

Thus, because the Court finds that the Plaintiff has failed to establish a *prima facie* case of personal jurisdiction over the Defendants pursuant to the long-arm statute, the Court need not assess whether a jurisdictional finding in this matter would satisfy due process.

### E. Whether the Court Should Permit Jurisdictional Discovery

As a final matter, the Court will address whether the Plaintiff's request to conduct jurisdictional discovery should be granted.

The entire basis for jurisdiction in the Plaintiff's complaint essentially boils down to one general advertising statement on the Defendant's website that it can "currently handles all points of USA". The rest is pure speculation and the promise that more facts can be uncovered if jurisdictional discovery is ordered. However, the Plaintiff does not come close to even as-

serting a *prima facie* case that personal jurisdiction is warranted.

■ The Plaintiff's opposition mainly relies on deficiencies in the Defendant's motion in order to maintain that discoverable facts are out there and that discovery is necessary to confirm personal jurisdiction. However, the Plaintiff misconstrues its burden and instead places the burden on the Defendant to deny that personal jurisdiction exists. However, "[a] party seeking jurisdictional discovery, like a party seeking other kinds of discovery, bears the burden of showing necessity." *Molchatsky v. U.S.*, 778 F.Supp.2d 421, 438 (S.D.N.Y.2011). The Plaintiff here has failed to meet its burden of offering any evidence at all which would demonstrate even a *prima facie* of personal jurisdiction. *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 186 (2d Cir.1998) ("Since the [plaintiff] did not establish a prima facie case that the district court had jurisdiction over [the defendant], the district court did not err in denying discovery on that issue.").

■ "Pre-motion discovery should be permitted where the facts necessary to establish personal jurisdiction ... lie exclusively within the defendant's knowledge." *Wafios Mach. Corp. v. Nucoil Indus. Co.*, 2004 WL 1627168, at *5, 2004 U.S. Dist. LEXIS 13674, at *14 (S.D.N.Y. July 23, 2004). However, jurisdictional discovery is not permitted where, as here, the defendant submits an affidavit that provides all the necessary facts and answers all the questions regarding jurisdiction. *Id.* In the present case, the Defendant has denied that it has sold its services to any New York customers; denied that it has customers in New York; and denied that it has derived revenue from New York, or has agents present in New York. Therefore, the Court finds that additional discovery would not uncover unknown facts or cure the deficiencies in the Plaintiff's pleading. *See Yash Raj Films (USA) Inc. v. Dishant.com LLC*, No. 08 Civ. 2715, 2009 WL 4891764, *11 (E.D.N.Y. Dec. 15, 2009) (denying plaintiff's request for jurisdictional discovery as it would not cure the fatal deficiencies in plaintiff's jurisdictional pleading).

District courts in this Circuit have allowed jurisdictional discovery where a plaintiff has made less than a *prima facie* showing but has demonstrated "a sufficient start toward establishing personal jurisdiction." *Hollenbeck v. Comeq, Inc.*, 2007 WL 2484299, at *2 (N.D.N.Y.2007). However, even then, it should not be a "fishing expedition when little more exists than plaintiff's bare assertions that jurisdiction is proper." *Manhattan Life Ins. Co. v. A.J. Stratton Syndicate*, 731 F.Supp. 587, 593 (S.D.N.Y.1990). The Court finds that to be the case at hand.

Therefore, because the Plaintiff has failed to make a *prima facie* showing that this Court has personal jurisdiction over the Defendant, the Court denies the Plaintiff's request for jurisdictional discovery and grants the motion by the Defendant to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(2).

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the motion by the Defendant Amber Freight Shipping Lines to dismiss A.W.L.I. Group, Inc.'s complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction is **GRANTED**, and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**